J-S32029-18 & J-S32030-18

2018 PA Super 350

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SCOTT ALLEN SHREFFLER :
:
Appellant : No. 1375 MDA 2017

Appeal from the Judgment of Sentence May 26, 2017
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s): CP-44-CR-0000247-2016


COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SCOTT ALLEN SHREFFLER :
:
Appellant : No. 1376 MDA 2017

Appeal from the Judgment of Sentence May 26, 2017
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s): CP-44-CR-0000250-2016

BEFORE: PANELLA, J., NICHOLS, J., and PLATT, J.[*]

OPINION BY NICHOLS, J.: **FILED DECEMBER 21, 2018**

Appellant Scott Allen Shreffler appeals from the judgment of sentence

following a jury trial and his convictions for three counts of delivery of a

controlled substance.[1] He claims the trial court erred by not suppressing the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

Commonwealth's wiretap recordings of his conversations with a confidential informant based on the Commonwealth's failure to comply with the disclosure provisions of Pa.R.Crim.P. 573(B)(1)(g) and the Wiretapping and Electronic Surveillance Control Act (Wiretap Act).[2]  We are constrained to vacate the judgment of sentence and remand for a new suppression hearing due to the Commonwealth's insufficiently justified failure to comply.

We glean the facts from the record that existed at the time of the suppression hearing.[3]  On March 28, 2016, the police arranged a controlled buy between a then-confidential informant (CI)[4] and Appellant that occurred

_____

[2] 18 Pa.C.S. §§ 5701-5782.

[3] Our scope of review of an order denying a pretrial motion to suppress is limited to the evidence presented at the suppression hearing. **Commonwealth v. Freeman**, 150 A.3d 32, 34-35 (Pa. Super. 2016), *appeal denied*, 169 A.3d 524 (Pa. 2017).  The facts adduced at the suppression hearings, however, were—charitably—sparse.  We occasionally reference evidence adduced at trial solely for context.

[4] As later explained at trial, this buy was the third controlled buy between the then-confidential informant, Dale Mesmer (who testified at trial), and Appellant.  N.T. Trial, 3/22/17, at 60; Omnibus Pretrial Mot., 8/22/16.  On March 21, 2016, the police conducted a controlled buy at Appellant's home between Appellant and Mesmer.  N.T. Trial, 3/21/17, at 26, 31.  Mesmer purchased crack cocaine from Appellant.  *Id.* at 39, 137.  As a result of that purchase, the police obtained a warrant to intercept communications inside Appellant's home.  *Id.* at 46.  The police executed a second controlled buy on March 25, 2016.  *Id.* at 45.  As with the first transaction, the police used Mesmer to purchase drugs—heroin this time—from Appellant.  *Id.* at 45, 51.  This time, however, Mesmer was wearing a wire and he recorded a conversation consistent with the sale of illegal narcotics.  *Id.* at 50, 59, 140.

at Appellant's home. Aff. of Probable Cause, 4/5/16. The CI was wired and recorded their conversation. *Id.* The CI purchased two Buprenorphine pills, a controlled substance, from Appellant. *Id.* As a result of the buy, the police obtained a search warrant that evening and searched Appellant's home, recovering a bottle of Buprenorphine. *Id.* The police arrested Appellant and charged him with multiple counts of delivery of a controlled substance.[5]

On June 10, 2016, Appellant's counsel informally requested the Commonwealth's discovery. Omnibus Pretrial Mot., 8/22/16, at 4. On August 22, 2016, Appellant filed an omnibus pretrial motion seeking, among other things, to compel the Commonwealth to disclose the identity of the confidential informant. *Id.* Appellant acknowledged that the Commonwealth provided some discovery materials, but none of the materials pertained to the informant. *Id.* The court scheduled a hearing for November 16, 2016.

On the day of the hearing, but before it started, Appellant filed a supplemental omnibus pretrial motion requesting that the court suppress evidence obtained as a result of the wiretap. Suppl. Omnibus Pretrial Mot. to Suppress, 11/16/16, at 1. Appellant averred that he had been provided the March 25 and 28, 2016 recordings from the second and third controlled buys.

---

[5] From Appellant's wallet, the police recovered the money used by Mesmer to purchase the Buprenorphine pills. N.T. Trial, 3/21/17, at 81. Subsequently, the police testified that after giving *Miranda v. Arizona*, 384 U.S. 436 (1966), warnings, Appellant admitted he sold crack cocaine, heroin, and Buprenorphine. *Id.* at 82-83.

*Id.* at 1. Appellant asserted the Commonwealth failed to comply with various provisions of the Wiretap Act, including approval of the wiretap by the district attorney and president judge "based upon a sufficient Affidavit of Probable Cause of the investigative or law enforcement officer establishing probable cause for the issuance of said Order." *Id.* at 2.

The trial court held the November 16, 2016 hearing on Appellant's initial omnibus pretrial motion, but did not address his supplemental motion. The court denied the initial motion on November 17, 2016, and scheduled a hearing on Appellant's supplemental motion.

At the January 5, 2017 evidentiary hearing on the supplemental motion, Appellant argued that the recordings should be suppressed because the Commonwealth allegedly failed to fully comply with the Wiretap Act. N.T. Mot. Hr'g, 1/5/17, at 8. As examples, Appellant claimed the Commonwealth bore the burden of establishing the CI's consent to be recorded and that any wiretap must be justified with an affidavit of probable cause.[6] *Id.* at 8-9. The Commonwealth countered that the order authorizing a wiretap was under seal and that only the trial court had possession of it. *Id.* at 9.

During the hearing, the Commonwealth called Detective Craig Snyder. *Id.* at 13. Detective Snyder testified that he prepared the application for the

---

[6] Although the parties did not specifically cite the statutes in question, it was evident they were discussing 18 Pa.C.S. § 5721.1(b)(2) and (5). N.T. Mot. Hr'g, 1/5/17, at 8-9.

in-home wiretap and a trial judge approved it. *Id.* at 17. As noted above, the in-home recordings were provided to Appellant during discovery. *Id.* at 21. After further testimony, Appellant again objected that documents pertaining to the wiretap application were not provided. *Id.* at 23; *see also id.* at 16-17 (objecting on the basis of the best evidence rule regarding the wiretap documents).

Appellant again contended that he cannot assail the sufficiency of the wiretap application absent the documents. *Id.* The Commonwealth reiterated that these documents were under seal and absent a court order, it would not turn over the documents to Appellant. *Id.* at 24. At the conclusion of the hearing, the trial court requested Appellant to file a letter brief. *Id.* at 28-29. On January 12, 2017, Appellant filed a letter brief, which argued, among other things, that the Commonwealth failed to comply with the statutory disclosure requirements of 18 Pa.C.S. § 5720.[7] Appellant's Ltr. Br. in Supp. of Suppl. Mot. *in Limine*, 1/12/17.

On January 17, 2017, the trial court denied Appellant's motion. In relevant part, the trial court quoted 18 Pa.C.S. § 5720 and stated that the Commonwealth notified Appellant of the existence of wiretapped conversations and provided Appellant with copies of the recorded conversations. Order, 1/17/17, at 2-3. The court further observed that the

---

[7] We quote the statute, *infra*.

Commonwealth had not yet attempted to introduce the contents of the recordings at any proceeding. *Id.* at 3. For these reasons, the court denied the motion.[8]

The trial court scheduled a jury trial to begin on March 21, 2017. That morning, Appellant again filed a motion *in limine* objecting to, among other items, the use of the intercepted communications because the Commonwealth failed to disclose the application, supporting affidavit, order, and final report. Appellant's Mot. *in Limine*, 3/21/17. Appellant reasoned that the Commonwealth's failure to comply with the mandatory disclosure requirements denied him the opportunity of challenging the court's authorization of the wiretap and the ability to effectively cross-examine witnesses. *Id.* The court overruled Appellant's objection. N.T. Trial, 3/21/17, at 3.

Trial commenced, and a jury found Appellant guilty.[9] Following a pre-sentence investigation, the trial court sentenced Appellant to an aggregate

---

[8] On February 10, 2017, the court granted the Commonwealth's motion to consolidate dockets 247-2016 and 250-2016 for trial. Order, 2/10/17.

[9] At trial, the Commonwealth played the March 25 and 28, 2016 recordings of the conversations between Appellant and Mesmer for the jury. N.T. Trial, 3/21/17, at 141, 145. Mesmer testified that their March 25th conversation was about the purchase of heroin. *Id.* at 141. For the March 28th conversation, Mesmer verified his and Appellant's voice on the recording. *Id.* at 145. No party introduced the wiretap application, affidavit of probable cause, or final report into the record.

sentence of 106 to 212 months' imprisonment. N.T. Sentencing Hr'g, 5/26/17, at 31.[10]

Appellant filed a timely post-sentence motion challenging the trial court's denial of his suppression motion. Specifically, Appellant contended the court did not recognize the Commonwealth's failure to comply with the disclosure requirements of the Wiretap Act, which should have resulted in suppression of the recordings. Appellant's Post-Sentence Mot., 6/5/17, at 5. Appellant also challenged the discretionary aspects of his sentence. *Id.* at 2-5. The court denied the post-sentence motion on August 4, 2017.

Meanwhile, Appellant also filed a *pro se* motion on July 25, 2017.[11] In that motion, Appellant claimed that at an unrelated civil proceeding, the trial court said it had *sua sponte* changed his sentence because the sentence for distribution of Buprenorphine exceeded the statutory maximum. Appellant's

_____

Appellant testified in his own defense and denied selling Mesmer drugs on March 21 and 25, 2016. *Id.* at 194, 196. Appellant admitted multiple times to selling Buprenorphine to Mesmer on March 28, 2016. *Id.* at 202, 218, 232. Appellant conceded that the March 25th and 28th recordings were accurate. *Id.* at 219-20. Appellant, however, disputed that the substance of the recordings consisted of an illegal narcotics transaction. *Id.* at 220-21. He also denied confessing to the sale of the narcotics after the police gave him *Miranda* warnings. *Id.* at 224-25, 227.

[10] Specifically, the trial court sentenced Appellant to 32 to 64 months' imprisonment for delivery of buprenorphine, 32 to 64 months' imprisonment for delivery of cocaine, and 42 to 84 months' imprisonment for delivery of heroin, for an aggregate total of 106 to 212 months' imprisonment.

[11] The record reflects that the trial court forwarded the motion to Appellant's counsel that same day. *See* Pa.R.Crim.P. 576(A)(4).

*Pro se* Mot. to Clarify Court's *Sua Sponte* Amendment of Sentence. On August 9, 2017, the court granted Appellant's *pro se* motion to clarify the court's *sua sponte* amendment of his sentence. Order, 8/9/17. The court stated that it erred by sentencing Appellant to a term exceeding five years for distribution of Buprenorphine. ***Id.*** Thus, it corrected the original sentence of 32 to 64 months' imprisonment for delivery of Buprenorphine to 30 to 60 months' imprisonment. ***Id.*** Appellant's corrected aggregate sentence is 104 to 208 months' imprisonment.

Appellant filed a single timely counseled notice of appeal on September 1, 2017, under a caption listing both docket numbers.[12] Appellant also filed a timely counseled court-ordered Pa.R.A.P. 1925(b) statement. We add that the Rule 1925(b) statement stated that Appellant intended to raise the issues within his post-sentence motion, a copy of which was attached to the Rule 1925(b) statement. Appellant's Rule 1925(b) Statement, 9/28/17. The trial court filed a responsive Rule 1925(a) decision.

Appellant raises the following issues:

---

[12] The court had previously granted the Commonwealth's motion to consolidate the cases at each docket number for trial. ***See generally Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018) (holding, "that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." (footnote omitted)). Here, since Appellant's cases had been previously consolidated by court order, quashal is inappropriate.

1. Did the trial court commit reversible error by failing to order suppression of the Commonwealth's electronic interception of Appellant's oral communications with the Confidential Informant in Appellant's home, due to the [C]ommonwealth's failure to comply with the disclosure provisions of the Wiretap Act?

2. Must the sentences imposed by the trial court be vacated as illegal and/or manifestly excessive and an abuse of discretion?

Appellant's Brief at 4.[13]

In support of his first issue, Appellant reiterates that he filed a motion to suppress the intercepted communications because the Commonwealth failed to comply with sections 5704[14] and 5714 of the Wiretap Act. *Id.* at 9.

_____

[13] Appellant, with leave of this Court, filed identical briefs for both appeals.

[14] In pertinent part, Section 5704(2) identifies three scenarios in which prior court approval is not required for a wiretap, of which two are relevant:

It shall not be unlawful and no prior court approval shall be required under this chapter for [a wiretap if]:

\* \* \*

(ii) one of the parties to the communication has given prior consent to such interception. However, no interception under this paragraph shall be made unless the Attorney General or a deputy attorney general designated in writing by the Attorney General, or the district attorney, or an assistant district attorney designated in writing by the district attorney, of the county wherein the interception is to be initiated, has reviewed the facts and is satisfied that the consent is voluntary and has given prior approval for the interception; however, such interception shall be subject to the recording and record keeping requirements of section 5714(a) (relating to recording of intercepted communications) and that the Attorney General, deputy attorney general, district attorney or assistant district attorney authorizing the interception

In Appellant's view, the order authorizing the in-home wiretap was discoverable under Pa.R.Crim.P. 573(B)(1)(g). *Id.* at 10-11. Although his motion *in limine* sought suppression, Appellant construes his motion as seeking discovery of not only the order, but discovery of the wiretap application and affidavit of probable cause, as well. *Id.* at 11. Appellant contends he needed those documents in order to properly challenge the validity of the wiretap application. *Id.* Absent the documents, Appellant argues his cross-examination of the affiant at the suppression hearing was unduly limited. *Id.* Appellant points out that the affiant testified he could not recall whether the affidavit of probable cause referenced the confidential

---

shall be the custodian of recorded evidence obtained therefrom; [or]

(iv) the requirements of this subparagraph are met. If an oral interception otherwise authorized under this paragraph will take place in the home of a nonconsenting party, then, in addition to the requirements of subparagraph (ii), the interception shall not be conducted until an order is first obtained from the president judge, or his designee who shall also be a judge, of a court of common pleas, authorizing such in-home interception, based upon an affidavit by an investigative or law enforcement officer that establishes probable cause for the issuance of such an order. No such order or affidavit shall be required where probable cause and exigent circumstances exist. For the purposes of this paragraph, an oral interception shall be deemed to take place in the home of a nonconsenting party only if both the consenting and nonconsenting parties are physically present in the home at the time of the interception.

18 Pa.C.S. § 5704(2)(ii), (iv).

informant's reliability. *Id.* at 13. Appellant notes he renewed his objection to the admissibility of the recordings in a motion *in limine* on the basis that the Commonwealth failed to provide the documents at least ten days prior to trial. *Id.* at 14.

The Commonwealth counters that it complied with the disclosure requirements because it "provided notice of the fact and nature of the interceptions, along with digital recordings of the interceptions[], far in advance of trial." Commonwealth's Brief at 11. In the Commonwealth's view, it complied with the disclosure requirements. *Id.* at 11-12. As for Appellant's contention that he was entitled to the sealed documents, the Commonwealth responds that no application was made to unseal under 18 Pa.C.S. § 5715.[15] *Id.* at 13-14.

The trial court reasons that it was sufficient for the Commonwealth to have provided Appellant with the recordings of the intercepted communications. Trial Ct. Op., 1/17/17, at 4. The trial court states that because the Commonwealth had not yet introduced the recordings at trial or a hearing, it was not obligated to provide the order, wiretap application, and final report. *Id.*

The standard of review follows:

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the

---

[15] We quote the statute below.

suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. The suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

Moreover, appellate courts are limited to reviewing only the evidence presented at the suppression hearing when examining a ruling on a pre-trial motion to suppress.

*Freeman*, 150 A.3d at 34-35 (citation omitted).

*Rules of Statutory Construction*

Before quoting the relevant wiretap statutes, we briefly state the rules of statutory construction.

In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law. In making this determination, we are guided by the Statutory Construction Act, which dictates:

**§ 1921. Legislative intent controls**

(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.

(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

1 Pa.C.S. § 1921. As a general rule, the best indication of legislative intent is the plain language of a statute.

- 12 -

> Every statute shall be construed, if possible, to give effect to all its provisions. We presume the legislature did not intend a result that is absurd, impossible, or unreasonable, and that it intends the entire statute to be effective and certain. When evaluating the interplay of several statutory provisions, we recognize that statutes that relate to the same class of persons are *in pari materia* and should be construed together, if possible, as one statute. If two statutes conflict, they are to be construed so effect may be given to both, if possible; if this is not possible, the special provision prevails over the general one as an exception to it, unless the general one was enacted later and there is manifest legislative intent that it prevail.

*Commonwealth v. Anderson*, 169 A.3d 1092, 1095-96 (Pa. Super. 2017) (*en banc*) (some formatting and some citations omitted).

"[T]he Wiretap Act is to be strictly construed to protect individual privacy rights" because it derogates a fundamental Pennsylvania constitutional right— the right to privacy. *Karoly v. Mancuso*, 65 A.3d 301, 310 (Pa. 2013) (citations omitted). Given that "private conversations are [being] overheard by governmental authorities," courts should closely scrutinize law enforcement authorities for strict compliance with the Act's requirements. *Id.* In establishing a violation of the Wiretap Act, a defendant is not required to establish actual prejudice. *Commonwealth v. Hashem*, 584 A.2d 1378, 1381-82 (Pa. 1991) (holding, "We . . . specifically reject the Superior Court's holding that before relief can be granted in this type of claim the Defendant must bear the burden of showing how the failure to comply with the [Wiretap] Act prejudiced him. As we [held previously], where an act is in derogation of

- 13 -

this Commonwealth's constitutionally protected right to privacy its provisions must be strictly applied." (citation omitted)).[16]

*Obtaining A Wiretap*

For example, in **Commonwealth v. Fetter**, 770 A.2d 762 (Pa. Super. 2000), this Court addressed the evidentiary burden to obtain a wiretap.  In **Fetter**, the defendant argued to the **Fetter** Court that the wiretap evidence should have been suppressed because "normal investigative procedures should have been used instead of the wire, as required under 18 Pa.C.S. §§ 5709(3)(vii) and 5710(A)(3), because this was an in-home interception and the wire would otherwise violate Article I, Section 8 of the Pennsylvania Constitution." **Fetter**, 770 A.2d at 766.

Initially, the **Fetter** Court noted that the defendant's argument was based on a holding in **Commonwealth v. Brion**, 652 A.2d 287 (Pa. 1994). **Id.**  The **Fetter** Court continued:

> In response to **Brion** the Legislature amended the Wiretap Act to include § 5704(2)(iv), which requires the president judge of the court of common pleas, or his designee, to independently review

---

[16] In **Commonwealth v. Donahue**, 630 A.2d 1238 (Pa. Super. 1993), the defendant contended on appeal that the intercepted communications should have been suppressed because the final report was not timely served on him. **Donahue**, 630 A.2d at 1247.  The **Donahue** Court disagreed, holding that violation of Section 5720 was not a basis for suppression under Section 5721, which has since been repealed and replaced by Section 5721.1. **Id.** at 1248; **see** 18 Pa.C.S. § 5721 historical and statutory notes. The holding of the **Donahue** Court must be viewed in light of the issue raised, specifically that in **Donahue**, the defendant actually received the final report, but not in a timely fashion.

the affidavit and establish that probable cause exists. This is in addition to meeting the other requirements of § 5704(2)(ii), involving review and approval by a designated authority, rules for recording and record keeping, and custodial care by the designated authority. However, 18 Pa.C.S. § 5704 is not subject to other sections of the Wiretap Act, unless specifically enumerated; instead, it lists exceptions to the generally stringent requirements for wiretaps when the interception occurs at the direction of a law enforcement officer and one party voluntarily consents to the interception. Therefore, it was unnecessary for the Commonwealth to establish that "normal investigative procedures with respect to the offense have been tried and failed, or reasonably appear to be unlikely to succeed if tried or are too dangerous to employ." 18 Pa.C.S. §§ 5709(3)(vii) and 5710(A)(3). The Commonwealth did not violate the Pennsylvania Constitution for using a wiretap, even in the [defendant's] home, as long as they established one-party consent and probable cause to the designated authorities.

*Id.* at 766-67.

The **Fetter** Court thus addressed the Commonwealth's burden for obtaining a wiretap occurring in the home of a nonconsenting party: absent exigent circumstances and probable cause, the president judge of the court of common pleas, or his or her designee, must conduct an independent review of the affidavit and authorize the wiretap based upon the a determination of probable cause. **See id.**; **accord** 18 Pa.C.S. § 5704(2)(ii), (iv).

The holding of **Fetter**, therefore, must be read in light of the issue raised by the defendant: whether the Commonwealth was required to comply with normal investigative procedures set forth in 18 Pa.C.S. §§ 5709(3)(vii) and 5710(a)(3). The **Fetter** Court, however, disagreed with the defendant: "18 Pa.C.S. § 5704 is not subject to other sections of the Wiretap Act, unless specifically enumerated . . . ." **Fetter**, 770 A.2d at 766. The defendant in

- 15 -

***Fetter***, however, did not challenge whether a section 5704 one-party consent wiretap was excluded from the disclosure requirements of section 5720. Thus, any implicit suggestion otherwise by the ***Fetter*** Court must be viewed as *dicta*. ***See Rendell v. Pa. State Ethics Comm'n***, 983 A.2d 708, 714 (Pa. 2009) ("Courts only adjudicate issues directly raised by the facts in a case or necessary to a solution of the legal problems involved." (citation omitted)).

*Mandatory Disclosure of Authority for Wiretap*

Section 5715 provides that sealed wiretap applications, final reports, and orders authorizing wiretaps

> may be disclosed only upon a showing of good cause before a court of competent jurisdiction except that any investigative or law enforcement officer may disclose such applications, orders and supporting papers and monitor's records to investigative or law enforcement officers of this or another state, any of its political subdivisions, or of the United States to the extent that such disclosure is appropriate to the proper performance of the official duties of the officer making or receiving the disclosure.

18 Pa.C.S. § 5715.

In any event, notwithstanding the "good cause" requirement, section 5720 of the Wiretap Act compels disclosure of the following at least ten days before trial:

> The contents of any wire, electronic or oral communications intercepted in accordance with the provisions of this subchapter, or evidence derived therefrom, shall not be disclosed in any trial, hearing, or other adversary proceeding before any court of the Commonwealth unless, not less than ten days before the trial, hearing or proceeding the parties to the action have been served with a copy of the order, the accompanying application and the final report under which the interception was authorized or, in the case of an interception under section 5704 (relating to exceptions

to prohibition of interception and disclosure of communications), notice of the fact and nature of the interception. The service of inventory, order, application, and final report required by this section may be waived by the court only where it finds that the service is not feasible and that the parties will not be prejudiced by the failure to make the service.

\* \* \*

18 Pa.C.S.A. § 5720 is suspended by Pa.R.Crim.P. Rule 1101(5) insofar as § 5720 may delay disclosure to a defendant seeking discovery under Pa.R.Crim.P. Rule 573(B)(1)(g).

18 Pa.C.S. § 5720 & note (italics omitted).[17] The obligatory disclosure requirements of section 5720 necessarily presume that the section 5715 seal was lifted. *See* 18 Pa.C.S. § 5715.

Rule of Criminal Procedure 573(B)(1)(g) addresses mandatory discovery disclosure by the Commonwealth:

**(B) Disclosure by the Commonwealth.**

(1) *Mandatory*. In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

\* \* \*

---

[17] Pennsylvania Rule of Criminal Procedure 1101(5) states that "18 Pa.C.S. § 5720[] is suspended as inconsistent with Rule 573 only insofar as the section may delay disclosure to a defendant seeking discovery under Rule 573(B)(1)(g)." Pa.R.Crim.P. 1101(5).

> (g) the transcripts and recordings of any electronic surveillance, and the authority by which the said transcripts and recordings were obtained.

Pa.R.Crim.P. 573(B)(1)(g). The comment to this subsection provides that it

> is intended to insure that the statutory provision and Rule 573(B)(1)(g) are read in harmony. A defendant may seek discovery under paragraph (B)(1)(g) pursuant to the time frame of the rule, while the disclosure provisions of Section 5720 would operate within the time frame set forth in Section 5720 as to materials specified in Section 5720 and not previously discovered.

*Id.* cmt. Thus, Rule 573(B)(1)(g) mandates disclosure of the "authority", *i.e.*, the application and order for the one-party consent wiretap as part of the Commonwealth's mandatory discovery requirements. ***See*** Pa.R.Crim.P. 573(B)(1)(g).

*Statutes Governing a Motion to Exclude Wiretapped Communications*

Section 5721.1 sets forth the procedures for a motion to exclude a wiretapped communication. ***See*** 18 Pa.C.S. § 5721.1. That section sets forth six different grounds for exclusion. ***See*** 18 Pa.C.S. § 5721.1(b)(1)-(6). In relevant part, we state the specific grounds at issue:

> (5) With respect to interceptions pursuant to section 5704(2), the consent to the interception was coerced by the Commonwealth.

> (6) Where required pursuant to section 5704(2)(iv), the interception was made without prior procurement of a court order or without probable cause.

18 Pa.C.S. § 5721.1(b)(5)-(6).

The respondent—usually the Commonwealth—has the burden of proof for (b)(5). 18 Pa.C.S. § 5721.1(c)(4). The movant—usually the defendant—

has the initial burden of proof under (b)(6) of establishing the interception took place at the movant's home, and then the burden shifts to the respondent—usually the Commonwealth—to prove that the interception complied with section 5704(2)(iv). *Id.* § 5721.1(c)(5).

Critically, in evaluating a motion to exclude under (b)(5) or (b)(6), the Commonwealth has the burden of establishing one-party consent under section 5704(2), *see id.* § 5721.1(b)(5), (c)(4), or compliance with section 5704(2)(iv), *see id.* § 5721.1(b)(6), (c)(5). Section 5704(2)(iv), as set forth above, requires an affidavit of probable cause and an order authorizing the wiretap signed by the president judge, or a judge designated by the president judge, of the court of common pleas. *See* 18 Pa.C.S. § 5704(2)(iv). In other words, the respondent, *i.e.*, the Commonwealth, has the burden of unsealing the affidavit of probable cause in response to a defendant's motion to exclude invoking subsection (b)(5) or (b)(6). *See* 18 Pa.C.S. § 5721.1(b)(5), (b)(6), (c)(4), (c)(5).

**Commonwealth Erred By Failing to Comply with Mandatory Discovery**

Here, Appellant moved to exclude the wiretapped conversations on the basis that the Commonwealth failed to provide the affidavit of probable cause, wiretap application, and order approving the wiretap. Suppl. Omnibus Pretrial Mot. to Suppress, at 1-2. At the hearing on the motion, Appellant accurately noted that the Commonwealth bore the burden of establishing probable cause for the wiretap order. N.T. Mot. Hr'g, 1/5/17, at 8-9; *see also* 18 Pa.C.S. §

5721.1(b)(5), (b)(6). The Commonwealth's argument that only the court could unseal the requested documents is in tension with 18 Pa.C.S. § 5721.1(c)(4) and (c)(5). As set forth above, those subsections state that in considering a motion to exclude under those subsections, the Commonwealth generally bears the burden of proof.

But even if section 5721.1 did not apply, the Commonwealth failed to comply with its mandatory discovery obligations under Pa.R.Crim.P. 573(B)(1)(g). Rule 573(B)(1)(g) obligated the Commonwealth to disclose the authority for the wiretap. *See* Pa.R.Crim.P. 573(B)(1)(g). The Commonwealth did not.

The Commonwealth attempts to evade responsibility by shifting the burden to Appellant to file a motion to unseal. *See* Commonwealth's Brief at 13-14. But the Commonwealth, in response to an appropriate motion to suppress, has the burden of establishing, by a preponderance of the evidence, that it had consent or probable cause, or both. *See* 18 Pa.C.S. § 5721.1(c)(4), (c)(5). It cannot sidestep its burden of proof by claiming that Appellant had the burden of filing a motion to unseal. *See id.*

Given our Supreme Court's admonition that the Wiretap Act must be strictly construed to preserve the fundamental Pennsylvania constitutional right of privacy, *see Karoly*, 65 A.3d at 310, Appellant need not establish any prejudice from the Commonwealth's procedural violations. *See Hashem*, 584 A.2d at 1381. Accordingly, having discerned an error of law, *Freeman*, 150

- 20 -

A.3d at 34-35, we are reluctantly compelled to vacate Appellant's judgment of sentence, vacate the order denying Appellant's post-sentence motion, vacate the January 17, 2017 order denying Appellant's motion, and remand for a new suppression hearing. The Commonwealth must file a motion to unseal the affidavit of probable cause, order authorizing the wiretap, and documentation evidencing consent, and also provide them to Appellant's counsel. Appellant's counsel may file an amended motion to suppress based upon the unsealed documents and the trial court has the discretion to hold a new suppression hearing. If the trial court again denies Appellant's suppression motion, then it shall reimpose the corrected sentence, and Appellant is entitled to his post-sentence and appellate rights.

Judgment of sentence vacated. Order denying Appellant's post-sentence motion vacated. Trial court's January 17, 2017 order vacated. Case remanded for a new suppression hearing. Commonwealth directed to file a motion to unseal and produce the affidavit of probable cause, order authorizing the wiretap, and documentation of consent to Appellant's counsel. Appellant's counsel may file an amended motion to suppress, and the court may hold a suppression hearing at its discretion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2018