J-A25027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZENAP MARIA AL-GHIZZI | : | |
| | : | |
| Appellant | : | No. 1168 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 2, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003142-2021

BEFORE: KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.: **FILED: DECEMBER 06, 2022**

Appellant Zenap Maria Al-Ghizzi appeals from the judgment of sentence imposed following her conviction for possession of a controlled substance.[1] Appellant argues that the trial court erred by denying her motion to suppress because the police lacked reasonable suspicion to stop her. We affirm.

The trial court summarized the underlying facts of this matter as follows:

On September 25, 2020, Port Authority Allegheny County Police [O]fficer William Luffey was patrolling a bus station area in the East Liberty area of Pittsburgh. The officer testified that he witnessed [Appellant] approximately fifty (50) feet away, loitering around the bus station with one male individual for approximately five (5) minutes. The officer witnessed the male remove a "white object from his pockets" that [the officer] knew from his training and experience to be ["]stamp bags of heroin." [Appellant] took the object from the male and placed it in her bra. As the officer proceeded toward [Appellant] and her male companion, a bus

_____

[1] 35 P.S. §§ 780-113(a)(16).

approached the station and both individuals got on the bus. Officer Luffey immediately notified dispatch and the bus stopped. When the bus came to a stop, Officer Luffey along with Port Authority Officer Wroblewski[2] entered the bus and advised [Appellant] of Officer Luffey's observations. When [Appellant] claimed the object was a "Connect Card," the officers asked [Appellant] if she would speak to the officers off of the bus as to avoid alarming the other passengers. [Appellant] willingly agreed. When Officer Luffey again asked [Appellant] what she placed in her bra, she confessed that it was a "bun," which the officer knew to be slang for a bundle of heroin. [Appellant] then removed the contraband from her person and gave it to the officer.

Trial Ct. Op., 1/12/22, at 2 (footnotes omitted).

The trial court held a suppression hearing on August 26, 2021. Officer Luffey was the only witness who testified at the hearing. The trial court held its decision under advisement and permitted the parties to supplement their arguments with case law. N.T. Suppression Hr'g, 8/26/21, at 22-23.

On September 2, 2021, the trial court denied Appellant's motion to suppress. That same day, Appellant proceeded to a stipulated non-jury trial, and the trial court convicted her of the sole charge. The trial court then sentenced Appellant to a term of six months' probation.

Appellant did not file any post-sentence motions, but she filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issue:

Whether the trial court erred in denying [Appellant's] motion to suppress the drugs recovered by the police officers where the officers subjected [Appellant] to an investigative detention

---

[2] The record does not contain Officer Wroblewski's first name.

without reasonable suspicion of criminal activity, in violation of her federal and state constitutional rights against unreasonable searches and seizures?

Appellant's Brief at 5.[3]

Appellant claims that the trial court erred in denying her motion to suppress because Officer Luffey lacked reasonable suspicion to stop the bus or detain her for questioning. Appellant's Brief at 16-28. Appellant claims that unlike the officer in *Commonwealth v. Valentin*, 748 A.2d 711 (Pa. Super. 2000), Officer Luffey did not see Appellant and the male exchange any cash for a small object. Instead, Officer Luffey testified that he saw the male hand a white object to Appellant, who then placed the item in her bra. *Id.* at 24-25 (citing *Valentin*, 748 A.2d at 712-15). Appellant also argues that unlike *Valentin*, Officer Luffey did not testify that the East Liberty bus station was a high drug trafficking area. *Id.* at 25-26. Further, Appellant contends that while an officer's training and experience is relevant to determining reasonable suspicion, there must be "a nexus between his experience and the search, arrest, or seizure of evidence." *Id.* at 27 (quoting *Commonwealth v. Thompson*, 985 A.2d 928, 935 (Pa. 2009)). Therefore, Appellant

---

[3] We note that in her Rule 1925(b) statement, Appellant argued that the trial court erred in denying her motion to suppress with respect to her statements to the police officers because the officers did not advise her of her rights to remain silent and to counsel under *Miranda v. Arizona*, 384 U.S. 436 (1966). *See* Rule 1925(b) Statement, 12/2/21, at 3 (unpaginated). Appellant has not raised this claim in her appellate brief; therefore, Appellant has abandoned this issue on appeal. *See* Pa.R.A.P. 2116(a), 2119(a); *see also Commonwealth v. McGill*, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding waiver where the appellant abandoned claim on appeal).

concludes that the trial court erred in denying her suppression motion because Officer Luffey's suspicion that Appellant "was in possession of drugs was not reasonable; it was based on a hunch rather than specific, articulable, and objective facts." *Id.* at 28.

"Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010).

> Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. The suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Shreffler*, 201 A.3d 757, 763 (Pa. Super. 2018) (citation omitted).

It is well settled that

> Article I, § 8 of the Pennsylvania Constitution and the Fourth Amendment to the United States Constitution both protect the people from unreasonable searches and seizures. Jurisprudence arising under both charters has led to the development of three categories of interactions between citizens and police. The first, a "mere encounter," does not require any level of suspicion or carry any official compulsion to stop or respond. The second, an "investigative detention," permits the temporary detention of an individual if supported by reasonable suspicion. The third is an arrest or custodial detention, which must be supported by probable cause.

*Commonwealth v. Lyles*, 97 A.3d 298, 302 (Pa. 2014) (citations omitted).

The stopping of a bus to investigate whether a passenger possesses illegal drugs is an investigative detention that must be supported by reasonable suspicion "that illegal activity was occurring on the bus." *Commonwealth v. Polo*, 759 A.2d 372, 376 (Pa. 2000); *see also Commonwealth v. Washington*, 63 A.3d 797, 802 (Pa. Super. 2013) (explaining that "the forcible stop of a vehicle constitutes an investigative detention such that there must be reasonable suspicion that illegal activity is occurring" (citation omitted)).

> [T]o establish grounds for reasonable suspicion, the officer must articulate specific observations which, in conjunction with reasonable inferences derived from those observations, led him reasonably to conclude, in light of his experience, that criminal activity was afoot and that the person he stopped was involved in that activity. The question of whether reasonable suspicion existed at the time [the officer conducted the stop] must be answered by examining the totality of the circumstances to determine whether the officer who initiated the stop had a particularized and objective basis for suspecting the individual stopped. Therefore, the fundamental inquiry of a reviewing court must be an objective one, namely, whether the facts available to the officer at the moment of the [stop] warrant a man of reasonable caution in the belief that the action taken was appropriate.

*Commonwealth v. Green*, 168 A.3d 180, 184 (Pa. Super. 2017) (citation omitted); *see also Commonwealth v. Luczki*, 212 A.3d 530, 547 (Pa. Super. 2019) (stating that "[t]o judge whether the incriminating nature of an object was immediately apparent to the police officer, reviewing courts must consider the totality of the circumstances" (citation omitted)). To conclude

that an officer possessed reasonable suspicion, the officer "must be able to articulate something more than an inchoate and unparticularized suspicion or hunch." ***Commonwealth v. Carter***, 105 A.3d 765, 768-69 (Pa. Super. 2014) (*en banc*) (citation omitted).

Here, the trial court explained:

Regarding the incident at hand, Officer Luffey credibly testified that while on patrol he witnessed [Appellant] take a white, rectangular object from a male individual and slip it into her bra. The officer emphasized that it was his extensive training and experience on the Allegheny County District Attorney's Narcotic Enforcement Team that allowed him to recognize the object as "stamp bags of heroin." As the officer said he was approaching [Appellant] to question her with another officer, both parties fled by boarding a bus. The officer stated that he notified police dispatch to stop the movement of the bus, so that he could board the bus to further investigate. In his testimony, the officer stated that when he made contact with [Appellant], she denied possessing contraband and insisted it was a Connect Card for transportation, which the officer strongly suspected to be false. The officer requested [Appellant] step off the bus to avoid any further embarrassment and alarm by other passengers. Once [Appellant] willingly consented to exit the bus, the officer told her he believed the object was not a Connect Card. [Appellant] then admitted she was in possession of a bundle of heroin and gave it to the officer.

Although [Appellant] agrees that the evidence presented at [the suppression hearing] indicates an "investigative stop" occurred, she argues that Officer Luffey did not have reasonable suspicion to do so. To have reasonable suspicion to conduct an investigative stop, law enforcement must show that they have "specific, articulable facts which would indicate to a reasonable officer that criminal activity is afoot." The evidence presented at [the hearing] established that Officer Luffey had the necessary reasonable suspicion based on him observing [Appellant] conceal what appeared to be a stamp bag of heroin. In turn, Officer Luffey's conduct in questioning [Appellant] amounted to an investigative stop, which was supported by reasonable suspicion. Officer Luffey is currently employed in the Narcotics Enforcement

Unit and has over a decade of experience in law enforcement. Additionally, Officer Luffey testified that he has at least one thousand (1,000) arrests involving narcotics possession. The officer credibly testified that when he witnessed [Appellant] obtain a "white rectangular object" and stick it in her bra, he recognized it to be a stamp bag of heroin. This evidence was sufficient to establish that criminal activity was afoot. Based on this evidence, the "seizure" of [Appellant's] person and the seizure of the drugs were lawfully obtained. Therefore, the court properly denied [Appellant's] motion to suppress the evidence.

Trial Ct. Op. at 4-6 (footnotes omitted and formatting altered).[4]

Based on our review, we conclude that the trial court's factual findings are supported by the record. *See Jones*, 988 A.2d at 654; *see also Shreffler*, 201 A.3d at 763. The trial court credited Officer Luffey's testimony concerning the circumstances of the stop. *See* Trial Ct. Op. at 4, 6. As noted by the trial court, Officer Luffey observed Appellant receive a "white rectangular object" and conceal it in her bra. N.T. Suppression Hr'g, at 6-7. Officer Luffey testified that based on his training and experience, he recognized that the white rectangular object as a "stamp bag of heroin." *Id.* The officer then observed Appellant board a bus, which was subsequently stopped by police. *See id.* at 7, 12.

---

[4] We note that the trial court did not include a statement of its findings of fact and conclusions of law on the record or in its order denying Appellant's motion to suppress as required by Pa.R.Crim.P. 581(I). *See* Trial Ct. Order, 9/2/21. However, because the trial court includes findings of fact and conclusions of law in its Rule 1925(a) opinion, this Court can review the merits of Appellant's claim. *See Commonwealth v. Stevenson*, 832 A.2d 1123, 1126 (Pa. Super. 2003).

Further, we discern no error of law in the trial court's legal conclusions. *See Jones*, 988 A.2d at 654; *see also Shreffler*, 201 A.3d at 763. Based on the totality of the circumstances, including Officer Luffey's training and experience, we agree with the trial court that Officer Luffey had reasonable suspicion to believe that Appellant possessed drugs at the time he observed her receive the stamp bag from her male companion.[5] *See Green*, 168 A.3d at 184; *see also Luczki*, 212 A.3d at 547-48. Further, Officer Luffey's observations and inferences were more than a mere hunch. *See Carter*, 105 A.3d at 768-69. Therefore, we agree with the trial court's conclusion that Officer Luffey had a sufficient basis to stop the bus and detain Appellant for questioning. *See Polo*, 759 A.2d at 376; *Washington*, 63 A.3d at 802; *see also Lyles*, 97 A.3d at 302. For these reasons, Appellant is not entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed.

_____

[5] As noted above, Appellant argues that Officer Luffey did not have reasonable suspicion for the stop because, unlike in *Valentin*, Officer Luffey did not testify that he saw an exchange of cash for the drugs or that the East Liberty bus station was a high drug trafficking area. *See* Appellant's Brief at 24-26; *see also Valentin*, 748 A.2d at 712-15. However, Appellant's reliance on *Valentin* is misplaced. A determination of reasonable suspicion is based on the totality of the circumstances. *See Green*, 168 A.3d at 184; *see also Luczki*, 212 A.3d at 547-48. Therefore, although the *Valentin* Court considered factors that are not present in the instant matter, it does not prevent us from finding that the officer had reasonable suspicion under the specific circumstances of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/06/2022