J-S33020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                :            PENNSYLVANIA
                                                  :

           v.                        :

KALLEN ROBINSON                   :

          Appellant           :  No. 48 EDA 2025

Appeal from the Judgment of Sentence Entered August 27, 2024
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0006352-2022

BEFORE:  BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:          **FILED DECEMBER 24, 2025**

      Appellant Kallen Robinson appeals from the judgment of sentence imposed after he was convicted at a non-jury trial of improper display plate, two counts of possession with intent to deliver (PWID),[1] and three counts each of possession of a controlled substance and possession of drug paraphernalia.[2] After review, we affirm.

      The trial court set forth the facts of the case as follows:

> Officer [Steven] Ambs [has] been a Bensalem Township police officer for approximately six years, and he was on duty on

---

[1] The trial court initially dismissed one of the two counts of PWID because it believed that the criminal information had been improperly amended as to the second count of PWID. *See* N.T., 4/18/24, at 172-75, 178-80. However, after the Commonwealth filed a motion to reconsider, the trial court granted the Commonwealth's motion and found Appellant guilty of the second count of PWID. *See* N.T., 8/27/24, at 11.

[2] 75 Pa.C.S. § 1332(a); 35 P.S. § 780-113(a)(30), (a)(16), and (a)(32), respectively.

November 16th, 2022, at 2:54 p.m. in the vicinity of Galloway and Mechanicsville Road, Bucks County. He was in a marked vehicle and wearing a uniform. He was parked near the gate to the Parx Casino where he observed a vehicle driven by [Appellant] pass by. He was able to observe the passenger's side of the vehicle, and as the vehicle drove past, Officer Ambs testified that he could not see inside of the vehicle as a result of window tinting.

Upon following the vehicle, [Officer Ambs] observed that there was a paper tag or license plate in addition to the outline of a license plate in the rear window. Again, due to the tint he was unable to see anything other than the outline of the vehicle. [T]he license plate should have been where the paper tag was being displayed.

\* \* \*

. . . Officer Ambs testif[ied] that he believed there was a window tint violation, [pursuant to 75 Pa.C.S. § 4524, because he was] unable to see inside the vehicle through the windshield, the side wing, or side window of the vehicle.

\* \* \*

Officer Ambs testified that he observed a bag containing a rock-like substance in plain view in the vehicle. Appellant admitted to officers that the bag belonged to him and he was placed under arrest. The vehicle was parked on the side of a busy roadway and, per department policy, Officer Ambs requested that it be towed back to headquarters and conducted an inventory search. Officer Ambs found a scale with white powder residue below the driver's seat. He then discontinued the inventory search to apply for a search warrant. After Appellant was brought back to the Bensalem Township Police Department, officers searched his person and recovered over 20 individually packaged bags containing methamphetamine, heroin, cocaine, and fentanyl. Officers also recovered a sealed bag of heroin, two digital scales with residue, and unused purple vials in Appellant's vehicle.

Trial Ct. Op., 2/13/25, at 1-3 (some formatting altered and citation omitted).

Appellant was arrested and charged with two counts of PWID, three counts of possession of a controlled substance, three counts of possession of

drug paraphernalia, and improper display plate. **See** Criminal Information, 1/19/23. On October 16, 2023, Appellant filed a motion to suppress the evidence seized during the traffic stop and subsequent search of Appellant's vehicle.

Following a suppression hearing on April 18, 2024, the trial court denied Appellant's motion. The case proceeded immediately to a waiver trial where the trial court found Appellant guilty of improper display plate, one count of PWID, and three counts each of possession of a controlled substance and possession of drug paraphernalia. However, as noted above, the trial court *sua sponte* dismissed one count of PWID. **See** N.T., 4/18/24, at 172-75, 178-80.

On May 1, 2024, the Commonwealth filed a motion to reconsider in which it argued that the trial court erred by dismissing the second count of PWID *sua sponte*. The trial court held a hearing on the motion on August 27, 2024. At the conclusion of the hearing, the trial court granted the Commonwealth's motion and found Appellant guilty of the second count of PWID. **See** N.T., 8/27/24, at 11. That same day, the trial court sentenced Appellant to four and a half to ten years' incarceration for the first count of PWID as well as a consecutive sentence of twelve months' probation for one count of possession of a controlled substance. The trial court sentenced Appellant to no further penalty on the remaining charges.

Appellant filed a motion to reconsider sentence on September 5, 2024. On November 27, 2024, the trial court held a hearing on Appellant's motion to reconsider sentence, which it denied at the conclusion of the hearing.

Appellant filed a timely notice of appeal on December 26, 2024. Both Appellant and the trial court complied with Pa.R.A.P. 1925(b).

On appeal, Appellant raises the following issue for our review:

Did the trial court err in denying suppression where police lacked probable cause or reasonable suspicion to stop [Appellant's] vehicle, where the trial court's factual findings are internally inconsistent and contradicted by video evidence made part of the certified record, and where the testimony of Officer Ambs was insufficiently particularized to support a finding of reasonable suspicion or probable cause?

Appellant's Brief at 4.

Appellant argues that police lacked probable cause or reasonable suspicion to stop his vehicle. *Id.* at 11. Specifically, Appellant argues that police did not have probable cause to believe he was in violation of 75 Pa.C.S. § 4524(e). *See id.* Appellant argues that because Officer Ambs's testimony at the suppression hearing was contradicted by the video evidence admitted at the hearing, the suppression court's factual findings are not supported by the record. *See id.* at 13-15. Additionally, Appellant argues that, even if the officer's testimony was supported by the video, "bald allegations of window tint, without more, are insufficient to establish probable cause to conduct a traffic stop." *See id.* at 15-18 (citing *Commonwealth v. Holmes*, 14 A.3d 89, 98-99 (Pa. 2011)). Further, Appellant argues that police did not have

reasonable suspicion or probable cause to stop his vehicle based upon a violation of 75 Pa.C.S. § 1332. *See id.* at 18-23. Appellant again argues that the suppression court's factual findings are not supported by the record because the video evidence contradicts Officer Ambs's testimony and also, because the suppression court's finding that Officer Ambs could see a rectangular shape consistent with a license plate in the rear windshield was internally inconsistent with its finding that it was "impossible" to see inside Appellant's vehicle due to the window tinting. *See id.* at 21-23. Finally, Appellant argues that police did not have reasonable suspicion, independent of the traffic violations, to conclude that criminal activity, generally, was afoot based upon Officer Ambs's observations. *See id.* at 23-26. As a result, Appellant argues that his judgment of sentence should be vacated, that the suppression court's denial of suppression should be reverse, and the case should be remanded for a new trial. *See id.* at 27.

"Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010). Our scope of review "is limited to the evidentiary record that was created at the suppression hearing." *Commonwealth v. Barnes*, 296 A.3d 52, 55 (Pa. Super. 2023) (citation omitted).

> Where the suppression court's factual findings are supported by
> the record, we are bound by these findings and may reverse only
> if the court's legal conclusions are erroneous. The suppression

court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the [suppression court] are subject to our plenary review.

***Commonwealth v. Shreffler***, 201 A.3d 757, 763 (Pa. Super. 2018) (citation omitted).

Section 4524(e) states in relevant part:

**(e) Sun screening and other materials prohibited**.—

(1) No person shall drive any motor vehicle with any sun screening device or other material which does not permit a person to see or view the inside of the vehicle through the windshield, side wing or side window of the vehicle.

75 Pa.C.S. § 4524(e).[3]

Regarding the justification a police officer needs to conduct a vehicle stop based upon Section 4524(e), this Court has previously stated that:

[T]he appropriate quantum of cause necessary to validate a traffic stop based on a violation of section 4524(e)(1) is dependent on the specific facts of each case. In some situations (like [***Commonwealth v. Postie***, 110 A.3d 1034 (Pa. Super. 2015], [***Commonwealth v. Harris***, 176 A.3d 1009 (Pa. Super. 2017)] and the present case), a probable cause standard will apply because the officer's testimony establishes that a window-tint violation was immediately apparent to the officer, and no further investigatory purpose was served by the traffic stop. In other cases (like [***Commonwealth v. Cartagena***, 63 A.3d 294 (Pa. Super. 2013)]), a reasonable suspicion standard could apply because the officer's testimony demonstrates that he or she stopped the vehicle to get a closer and/or unobstructed view of

---

[3] Section 4524(e) also includes affirmative defenses to criminal culpability that are the defendant's burden to prove. ***See Commonwealth v. Prizzia***, 260 A.3d 263, 270 (Pa. Super. 2021). Appellant has not raised these affirmative defenses. ***See*** Appellant's Brief at 11-27.

the windows, in further investigation of whether the tint violates section 4524(e)(1).

***Prizzia***, 260 A.3d at 269 n.2.

"[T]o possess probable cause that a vehicle is in violation of section 4524(e)(1), an officer must only observe that the tint on the vehicle's windows is so dark that it prohibits the officer from seeing inside the car." ***Id.*** at 270 (citation omitted); ***see also Harris***, 176 A.3d at 1019-20 (stating that police had probable cause to stop a vehicle where the officer observed darkly tinted windows in violation of 75 Pa.C.S. § 4524(e)).

Here, the trial court made the following findings of fact regarding the window tint:

> We heard testimony from Officer Ambs. He's been a Bensalem Township police officer for approximately six years, and he was on duty on November 16th, 2022, at 2:54 p.m. in the vicinity of Galloway and Mechanicsville Road, Bucks County. He was in a marked vehicle and wearing a uniform.
>
> He was parked near the gate to the Parx Casino where he observed a vehicle driven by [Appellant] pass by. **He was able to observe the passenger's side of the vehicle, and as the vehicle drove past, Officer Ambs testified that he could not see inside of the vehicle as a result of window tinting.**

N.T., 4/18/24, at 66 (emphasis added).

Following our review of the record, including the video evidence presented at the suppression hearing, we conclude that the suppression court's findings of fact regarding Officer Ambs's observations of the window tint are supported by the record. ***See Jones***, 988 A.2d at 654. Officer Ambs testified that he was on duty in a marked patrol vehicle on November 16, 2022

- 7 -

in a stationary position perpendicular to Galloway Road in Bensalem Township. *See* N.T., 4/18/24, at 7-8. As he was sitting in his vehicle, Officer Ambs observed Appellant's vehicle pass by going eastbound on Galloway Road. *See id.* at 8-9. Officer Ambs testified "[a]s [Appellant's] vehicle drove by I observed the passenger's side of the vehicle, and . . . I couldn't see into the front, back, or side of the vehicle due to the window's tint." *Id.* at 11.

A review of the video evidence admitted at the hearing corroborates Officer Ambs's testimony. *See* Commonwealth Exhibit 1 (Dashcam Video); Commonwealth Exhibit 5 (Body-worn Camera Video). No video of Officer Ambs's initial observation of the window tint was presented at the suppression hearing. *See* N.T. 4/18/24, at 21. However, at several points in the video, it is clear that the windows were heavily tinted making it impossible to see inside the vehicle from several feet away. *See, e.g.*, Commonwealth Exhibit 5 at

0:55, 6:38, 8:30, 8:43, 12:49; Commonwealth Exhibit 4 (Photo of Back

Driver's Side Window).[4, 5]

Having concluded that the suppression court's factual findings regarding

the window tint are supported by the record, we next turn to the suppression

court's legal conclusions. Here, the suppression court concluded:

> In the case at bar, Officer Ambs credibly testified that he conducted a traffic stop of Appellant's vehicle after noticing the window tint was so dark it was almost impossible to see inside the vehicle, an observation that was corroborated by the video recording played for this court at the hearing on Appellant's Motion

---

[4] We are cognizant that the video timestamps and photos we cite are from after the vehicle stop had already occurred, which would be irrelevant to the totality of the circumstances as they existed at the time Officer Ambs initiated the vehicle stop. *See Commonwealth v. Venable*, 200 A.3d 490, 499 (Pa. Super. 2018) (recognizing that it would be error to consider events that occurred after a traffic stop had already been initiated in determining whether police had probable cause to conduct the stop). However, the heavy tint of the windows, as depicted later in the video and in the photos taken of the vehicle once it was towed by police, corroborates Officer Ambs's testimony that he could not see into the windows as Appellant's car passed by him. Further, while some of these images only depict the driver's side of the vehicle and Officer Ambs only observed the passenger side of the car as it passed him, Officer Ambs testified that the tint was similar on each side of the vehicle. *See* N.T., 4/18/24, at 18.

[5] We note that Appellant attaches a still image taken from Officer Ambs's body-worn camera video showing that the occupants of Appellant's vehicle were visible through the front passenger window during the vehicle stop. *See* Appellant's Brief at Exhibit C (Still Image from Body-worn Camera). However, that image was captured from when Officer Ambs was standing directly next to Appellant's vehicle while he was speaking to the occupants and not at the time of his initial observation. As stated above, there were various angles from the video that corroborate Officer Ambs's testimony that he was unable to see into Appellant's vehicle when it passed him. *See Harris*, 176 A.3d at 1018 (stating that "[i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony" (citation omitted)).

to Suppress. As appellate courts have ruled on numerous occasions that an officer's observation of tinted windows on a vehicle provides sufficient probable cause for a traffic stop, this Court found that the traffic stop of Appellant's vehicle was lawful. *See Harris*, 176 A.3d at 1019-20 (holding that officer possessed probable cause for a traffic stop where there was no dispute that the at-issue vehicle had "darkly tinted" windows in violation of § 4524(e)(1))[.]

Trial Ct. Op., 2/13/25, at 6 (some formatting altered and some citations omitted).

We agree with the trial court's conclusion that, based upon Officer Ambs's observations of Appellant's tinted windows and his inability to see inside the vehicle, police had probable cause to conduct a vehicle stop of Appellant's car. *See Prizzia*, 260 A.3d at 270. Appellant argues that "bald allegations of window tint, without more, are insufficient to establish probable cause to conduct a traffic stop." *See* Appellant's Brief at 15 (citing *Holmes*, 14 A.3d at 98-99). However, Appellant's reliance on *Holmes* is misplaced. In *Holmes*, our Supreme Court was assessing the validity of a stop pursuant to 75 Pa.C.S. § 4524(c). *See Holmes*, 14 A.3d at 99. The *Holmes* Court's analysis hinged on the specific wording of 75 Pa.C.S. § 4524(c), which prohibits a driver from having an object hanging from their rearview mirror that "materially obstructs, obscures, or impairs the driver's vision." *Id.* at 97 (emphasis omitted). Section 4524(e) has no such requirement and, as this Court has previously stated, the standard of whether a driver is in violation of the window tint statute is subjective in nature based solely on whether "from the point of view of the officer, he or she is unable to see inside of a vehicle

through the windshield, side wing, or side window." ***See Prizzia***, 260 A.3d at 269 n.2 (quoting ***Cartagena***, 63 A.3d at 305 n.26). Since Officer Ambs credibly testified that he could not see into Appellant's vehicle due to the window tinting, he had probable cause to stop Appellant's vehicle for a violation of 75 Pa.C.S. § 4524(e).[6] ***See Prizzia***, 260 A.3d at 270; ***Harris***, 176 A.3d at 1019. Accordingly, we conclude that the suppression court's findings are supported by the record and free of legal error. ***See Jones***, 988 A.2d at 654.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/24/2025

---

[6] Since we conclude that police had probable cause to stop Appellant based upon his window tints, pursuant to 75 Pa.C.S. § 4524(e), we need not address the suppression court's conclusions about Appellant's violation of 75 Pa.C.S. § 1332.

- 11 -