**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD LOUIS ALVINO, JR. | : | |
| | : | |
| Appellant | : | No. 791 WDA 2019 |

Appeal from the PCRA Order Entered April 26, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0005030-2000, CP-02-CR-0010576-1998

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.:                **FILED MARCH 2, 2020**

Richard Louis Alvino, Jr. (Appellant) appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, denying his second Post-Conviction Relief Act[1] (PCRA) petition as untimely filed.[2]  Appellant, who received mandatory minimum sentences under 42 Pa.C.S. § 9718(a)(1) (sentences for offenses against infant persons), avers he has established relief under the "new constitutional right" timeliness exception of the PCRA.  We affirm.

In 1998, Appellant was charged in both Allegheny County and Butler

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Following one extension of time granted by this Court, Appellant filed his brief two days late. However, the Commonwealth has not objected.  **See** Pa.R.A.P. 2188 (if appellant fails to file brief within time prescribed by these rules, or within the time as extended, appellee may move for dismissal).

County with a combined 25 counts related to his sexual abuse of his minor child. The Allegheny County charges were docketed at CP-02-CR-0010576-1998 (Docket 98-10576). On March 27, 2000, the Butler County Court of Common Pleas transferred its case to the Allegheny County Court of Common Pleas (trial court) and ordered it to be consolidated with the pending Allegheny County charges.[3] The Butler County matter was then assigned a new docket number, CP-02-CR-0005030-2000 (Docket 00-5030).

On August 28, 2000, Appellant appeared before the trial court and pleaded guilty, but mentally ill, at both dockets. On April 26, 2001, the trial court imposed sentences at both dockets, of an aggregate term of 28½ to 57 years' imprisonment, to be followed by 55 years' probation. Pertinently, the sentences included five mandatory terms for offenses committed against minors, pursuant to 42 Pa.C.S. § 9718(a)(1).[4]

Appellant took a timely direct appeal. This Court affirmed his judgments of sentence at both dockets on May 22, 2002, and the Pennsylvania Supreme Court denied allowance of appeal on December 30, 2002. ***Commonwealth***

---

[3] The Butler County court's transfer order appears in the certified record for Docket 00-5030, as the 16th page of the filing entered as "DJ_Criminal_Complaint."

[4] The Section 9718(a)(1) five-year mandatory term was imposed on these counts: (1) two counts of involuntary deviate sexual intercourse (IDSI), 18 Pa.C.S. § 3123(a)(1), at Docket 98-10576; (2) two counts of IDSI, 18 Pa.C.S. § 3123(a)(1), at Docket 00-5030; and (3) one count of rape by forcible compulsion, 18 Pa.C.S. § 3121(a)(1) at Docket 00-5030. Each of these five mandatory terms were to run consecutively.

*v. Alvino*, 1247 WDA 2001 (unpub. memo.) (Pa. Super. May 22, 2002), *appeal denied*, 321 WAL 2002 (Dec. 30, 2002).

On January 5, 2004, Appellant filed a *pro se* PCRA petition. After appointing counsel to represent Appellant, the PCRA dismissed Appellant's petition on May 3, 2004.

More than 14 years later, on January 29, 2019, Appellant filed the underlying PCRA petition, *pro se*, claiming his Section § 9718 mandatory minimum sentences were illegal under **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016) (invalidating 42 Pa.C.S. § 9718(a)**(1)** pursuant to **Alleyne v. United States**, 570 U.S. 99 (2013)),[5] and **Commonwealth v. Resto**, 179 A.3d 18 (Pa. 2018) (plurality) (holding 42 Pa.C.S. § 9718(a)(1)**(3)** does not run afoul of **Alleyne**).

The PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing. The court found Appellant's petition was untimely, where the Pennsylvania Supreme Court has not held **Alleyne** — upon which **Wolfe** relied — applies retroactively to satisfy any of the 42 Pa.C.S. § 9545(b)(1) PCRA timeliness exceptions. Appellant filed a response, but the PCRA court dismissed Appellant's petition on April 26, 2019. We note

_____

[5] In **Alleyne**, the High Court "held that any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury rather than a judge, and found beyond a reasonable doubt." **Wolfe**, 140 A.3d at 653.

- 3 -

Appellant's petition, the court's Rule 907 notice, and the court's dismissal order were each a single document that listed both trial docket numbers. Appellant's single, timely notice of appeal similarly listed both docket numbers.[6]

On June 24, 2019, this Court issued a *per curiam* order, directing Appellant to show cause why his appeal should not be quashed pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (where order resolves issues arising on more than one docket, proper practice under Pa.R.A.P. 341(a) is to file separate appeals; failure to do so requires quashal of appeal). Appellant responded that, *inter alia*, because the trial court consolidated the two dockets in 2000, this case falls "within the exception" in **Walker** and **Commonwealth v. Shreffler**, 201 A.3d 757 (Pa. Super. 2018). Appellant's Response to Order to Show Cause, 7/8/19, at 2-4. This Court discharged the rule to show cause but advised Appellant the merits panel may revisit this issue.

Appellant presents three issues for our review:

I. When . . . Appellant filed a single Notice of Appeal with Two (2) lower court docket numbers, was Quashal required[?]

II. Whether the PCRA Court erred when it denied Appellant's PCRA Petition because the Pennsylvania Supreme Court has never specifically held that **Commonwealth v. Resto**, 179 A.3d 18 (Pa. 2018) was retroactive, when **Tyler v. Cain**, 533 U.S. 652

---

[6] Appellant complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

- 4 -

(2001)[,] holds multiple holdings can render a new rule retroactive if the holdings in those cases necessarily dictate retroactively[?]

III. Whether **Commonwealth v. Resto** is retroactive applying this holding?

Appellant's Brief at 1-2.

Appellant first contends this Court should not quash this appeal due to his filing of a single notice of appeal. In support, he cites **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019), *pet. allocator pending*, 656 EAL 2019, and avers "identical circumstances" were presented in this case.[7] Appellant's Brief at 7.

We first note that in **Walker**, our Supreme Court held Pa.R.A.P. 341(a) "require[s] that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." **Walker**, 185 A.3d at 977. In **Shreffler**, this Court stated, in a footnote, that quashal was not appropriate under **Walker**, although the appellant filed a single notice of appeal, because the appellant's two criminal matters were previously consolidated. **Shreffler**,

---

[7] In his brief, Appellant has abandoned the arguments previously raised in his response to this Court's rule to show cause, and instead presents a new legal theory. Nevertheless, where the issue of quashal goes to this Court's jurisdiction, we may *sua sponte* consider any relevant legal authority. **See Commonwealth v. Gaines**, 127 A.3d 15, 17 (Pa. Super. 2015) (*en banc*) ("We may raise issues concerning our appellate jurisdiction *sua sponte*.").

201 A.3d at 760 n.8, 761 n.12.

Similarly, in this case, the Butler County court ordered the Butler County charges to be transferred to Allegheny County and "consolidated" with the Allegheny County charges. Thus, quashal is not appropriate.[8] **See Shreffler**, 201 A.3d at 760 n.8, 761 n.12.

In his last two issues, Appellant claims the PCRA court erred in dismissing his PCRA petition as untimely. It is undisputed Appellant's January 29, 2019, PCRA petition was filed beyond the general one-year PCRA filing period.[9] We thus consider his claim that he met the exception at Section

_____

[8] Although the Butler County court ordered the Docket 00-5030 charges to be transferred to Allegheny County and to be "consolidated" with Docket 98-10576, there is no order or formal acknowledgement by the Allegheny County court that it was consolidating the two cases. Nevertheless, even if the two cases were not consolidated, we would agree with Appellant's argument on appeal that **Stansbury** applies.

In **Stansbury**, the PCRA court's order listed two case docket numbers, but erroneously advised the petitioner he had thirty days "to file **a** written **notice** of appeal to the Superior Court." **Stansbury**, 219 A.3d at 159. This Court declined to quash the appeal under **Walker**, concluding the PCRA court's misinformation "amount[ed] to a breakdown in court operations such that we may overlook the defective nature of [the] timely notice of appeal." **Id.** at 160. Here, the PCRA court's order likewise advised: "[Appellant] has the right to appeal this Court's denial of his PCRA Petition to the Superior Court but must do so by filing **a** Notice of Appeal within thirty (30) days." Order, 4/26/19. **See Stansbury**, 219 A.3d at 159. Such incorrect advisement would constitute a "breakdown in court operations" excusing any Pa.R.A.P. 341(a) violation.

[9] On direct appeal, after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 30, 2002, he had 90 days, or until Monday, March 31, 2003, to seek *certiorari* with the United States

9545(b)(1)(iii), which provides an otherwise untimely petition may be reviewed when

> the petition alleges and the petitioner proves that . . . the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

**See** 42 Pa.C.S. § 9545(b)(1)(iii).  We note, "[t]he timeliness requirement for PCRA petitions 'is mandatory and jurisdictional in nature[.]'" **Commonwealth v. Montgomery**, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*) (citation omitted).

Although Appellant's PCRA petition cited both **Wolfe** and **Resto** to satisfy the PCRA's time exception at 42 Pa.C.S. § 9543(b)(1)(iii), on appeal he relies solely on **Resto**.  Appellant avers that **Resto** announced a "new constitutional right . . . not to be sentenced under the mandatory minimum sentences required [Section] 9718(a)(1)," and that his petition was filed within one year of the **Resto** decision.  Appellant's Brief at 8.  He further avers

Supreme Court.  **See** U.S. Sup. Ct. R. 13; **see also** 1 Pa.C.S. § 1908 (when last day of any period of time referred to in any statute falls on Sunday, such day shall be omitted from computation).  Appellant did not seek *certiorari*, and thus his judgment of sentence became final for PCRA purposes on that day.  **See** 42 Pa.C.S. § 9545(b)(3) (judgment becomes final at conclusion of direct review, including discretionary review in the Supreme Court of the United States, or at expiration of time for seeking such review).  Appellant then generally had one year, until March 31, 2004, to file a PCRA petition.  **See** 42 Pa.C.S. § 9545(b)(1) (any petition, including a second or subsequent petition, shall be filed within one year of the date judgment becomes final).  As stated above, the instant petition was filed in 2019.

this *Resto* right applies retroactively, pursuant to *Teague v. Lane*, 489 U.S. 288 (1989) (plurality), which Appellant summarizes allowed multiple decisions to collectively "render a new rule retroactive if the holdings in those cases necessarily dictate retroactivity of the new rule." *Id.* at 9. Appellant further avers that *Teague* held "a new rule should be applied retroactively if it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." *Id.* at 9-10. We disagree.

In 2001, Appellant's mandatory five-year minimum sentences were imposed pursuant to a former version of Subsection 9718(a)**(1)**, which was virtually identical to the latest version (save for the newer, longer mandatory term of ten years). *Resto*, however, addressed Subsection 9718(a)**(3)** and is thus not applicable in this case.[10] Additionally, the opinion announcing the judgment of the Court in *Resto* stated Subsection 9718(a)(3) did **not** implicate *Alleyne*, as it "require[d] no proof of any predicate or aggravating facts." *Resto*, 179 A.3d at 20-21. Accordingly, even if Appellant were sentenced under Subsection 9718(a)(3), *Resto* would provide not provide the relief requested.

While Appellant has abandoned his PCRA petition claim citing *Wolfe*, we note no relief would be due under that decision as well. The PCRA court

---

[10] We further note that when Appellant was sentenced, there was no Subsection 9718(a)(3); that subsection was not added until 2004. *See* Act 2004-217 (S.B. 1099), P.L. 1703, § 4.

correctly pointed out that **Wolfe** invalidated Subsection 9718(a)(1) pursuant to **Alleyne**, but the Pennsylvania Supreme Court has held **Alleyne** does not apply retroactively to cases pending on PCRA review.[11] PCRA Ct. Notice of Intention to Dismiss, 3/5/19, at 1-2, *citing* **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016).

We agree with the PCRA court that Appellant has not established his PCRA petition was timely filed under the Subsection 9545(b)(1)(iii) "new constitutional right" exception. Accordingly, we affirm the order dismissing Appellant's petition.

Order affirmed.

Judge Musmanno joins the memorandum.

Judge Olson concurs in the result.

---

[11] Although **Wolfe** analyzed a later version of Subsection 9718(a)(1), the dispositive language found to be unconstitutional was also present in the 2001 version of the statute, under which Appellant was sentenced. **See Wolfe**, 140 A.3d at 665.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/2/2020