J-S06025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS MYERS | : | |
| | : | |
| Appellant | : | No. 2505 EDA 2019 |

Appeal from the PCRA Order Entered July 31, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0002291-2015

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 22, 2020**

Marcus Myers appeals from the denial of his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Myers claims that his trial counsel was ineffective for failing to file a suppression motion. We affirm.

A previous panel of this Court set forth the relevant facts and procedural history underlying this matter as follows:

> On September 7, 2015, while conducting a stationary speed detail, Patrolman Aaron Anglemyer of the Pocono Township Police Department observed [Myers] driving a 2005 Honda Motorcycle erratically and at a high rate of speed through a residential neighborhood. When Patrolman Anglemyer attempted to conduct a traffic stop, [Myers] failed to stop his motorcycle and fled. Patrolman Anglemyer gave chase, but was unable to catch [Myers]. Shortly thereafter, another officer located a motorcycle and helmet matching the description of the one driven and worn by [Myers] during

the chase. PENNDOT records revealed that [Myers] owned the motorcycle, and that both the motorcycle's registration and [Myers'] driver's license had expired. PENNDOT records also identified 191 Cherry Lane Road, Tannersville, Monroe County, Pennsylvania as [Myers'] address.

Patrolman Anglemyer commenced surveillance at 191 Cherry Lane and spoke with two individuals standing in [Myers'] driveway, one of whom was Robert Gerhold. Gerhold advised him that [Myers] "is and has been using methamphetamine regularly and that this has been causing [Myers] to act irrationally." Anglmeyer's [sic] Affidavit of Probable Cause, 10/8/15, at 2.

On September 17, 2015, pursuant to the Wiretap Act, the Commonwealth filed an Application for an Order Authorizing the Consensual Interception of Oral Communications in a Home to permit the recording of oral communications between Gerhold and [Myers] at [Myers'] residence at 191 Cherry Lane Road. Wiretap Application, 9/17/15, at 1 (unpaginated). The Commonwealth's application included the Affidavit of Detective James Wagner of the Pocono Township Police Department.

The Honorable Margherita Patti-Worthington granted the Application. Relevant to the instant appeal, the court's Order ["Authorizing Order"] provided:

(4) The **residence** of [Myers] is located at 191 Cherry Lane Road, Tannersville, Monroe County, Pennsylvania.

(5) As a result of the foregoing, the **Pennsylvania State Police** are hereby authorized to intercept the oral and/or visual communications of Robert Gerhold, [Myers,] and others yet unknown within the **business** described in paragraph 4 for 30 days from the date of September 17, 2015.

(6) The Monroe County District Attorney shall assume custody and control of any resultant original recordings as required by 18 Pa.C.S. 5704(2).

[Authorizing Order], 9/17/15 (emphasis added).

Gerhold agreed to permit police to record a conversation between him and [Myers] using a key chain digital audio and

- 2 -

video recorder. During a recorded conversation on September 22, 2015, Gerhold accused [Myers] of setting him up for a drug arrest and [Myers] made incriminating statements that identified himself as the driver of the motorcycle on the night of September 7, 2015 ["Audio Recording"]. Anglemyer Affidavit of Probable Cause, 10/8/15, at 4. *See* Memorandum of Interception, 9/22/15.

Pursuant to an arrest warrant, on October 9, 2015, Patrolman Anglemyer arrested [Myers] for felony Fleeing or Attempting to Elude a Police Officer. At his arraignment that same day, [Myers] received a copy of the Arrest Warrant and Patrolman Anglemyer's Affidavit of Probable Cause, which identified Gerhold as having cooperated with the police investigation. *Id.*

Almost immediately thereafter, [Myers] began sending Gerhold threatening and vulgar text messages. Anglemyer Affidavit of Probable Cause, 10/13/15, at 1. Between October 9, 2015, and October 11, 2015, [Myers] sent Gerhold several text messages, at all hours of the day and night. Based on the threatening nature of the text messages, on October 13, 2015, Patrolman Anglemyer sought, and received, a warrant for [Myers'] arrest on charges of Intimidation of a Witness, Retaliation Against Witness, Victim, or Party, and Harassment.

On October 27, 2015, [Myers] waived his arraignment and preliminary hearing on the Intimidation of a Witness charge. In his signed Waiver of Arraignment, [Myers] acknowledged that the last day for him to file a timely Omnibus Pretrial Motion was December 12, 2015. [Myers] did not file an Omnibus Pretrial Motion on or before the deadline.

On September 13, 2016, two days before the start of his consolidated jury trial—and more than eleven months after [Myers] became aware that Gerhold had recorded the incriminating conversation with [Myers]—[Myers] filed a Motion *in Limine* to Exclude the [Audio Recording]. [Myers] averred that the [Audio Recording] should be excluded at trial because the Commonwealth's intercept of the communication between [Myers] and Gerhold was illegal. He based this conclusion on alleged errors on the face of the [Authorizing Order], contending that it: (1) authorized the

wiretap for [Myers'] business, not his residence; (2) granted authority to conduct the intercept to the Pennsylvania State Police ("PSP") and not the Pocono Township Police Department; and (3) did not grant wiretapping authority specifically to Detective James Wagner of the Pocono Township Police. Motion, 9/13/16, at ¶ 10. [Myers] argued that the Commonwealth's failure to adhere strictly to the [Authorizing Order], *i.e.*, by having the Pocono Township Police, rather than the PSP, record the conversation at [Myers'] residence, rather than at his business, invalidated the recording and the court should exclude it from trial.

The court heard argument on the Motion in chambers prior to the start of trial on September 15, 2016, and denied the Motion as untimely. *See* Trial Ct. Op., 3/29/17, at 5-6. The trial judge further concluded that the "errors" in the [Authorizing Order] upon which [Myers] based his argument were merely typographical in nature. *Id.* at 6-7. Last, the court also found that any errors in the [Authorizing Order] were harmless, observing that the authorizing court concluded the Commonwealth demonstrated probable cause for the wiretap, Gerhold consented freely to the [Audio Recording], and Gerhold testified to the contents of the [Audio Recording] at [Myers'] trial. *Id.* at 8-9. The court, thus, admitted the [Audio Recording] between [Myers] and Gerhold at trial.

***Commonwealth v. Myers,*** 190 A.3d 745 (Table) (Pa.Super. 2018)

(footnotes omitted).

On September 16, 2015, the jury found Myers guilty of attempting to elude a police officer[1] (2291 CR 2015), which is instantly at issue, and also convicted him of retaliation against witness, victim or party and harassment[2]

---

[1] 75 Pa.C.S.A. § 3733(a).

[2] 18 Pa.C.S.A. §§ 4953(a) and 2709(a)(4), respectively.

(2290 CR 2015).[3] The trial court sentenced Myers to 16 to 24 months' incarceration for attempting to elude a police officer, to be served consecutive to the sentence imposed on his other convictions in case 2290 CR 2015 for a total aggregate sentence of 24 to 72 months' incarceration.

Myers filed post-sentence motions challenging, *inter alia*, the admissibility of the Audio Recording obtained by the Pocono Township Police Department from the concealed device worn by Gerhold. On March 29, 2017, the trial court denied Myers' motion, concluding that the issue was waived because Myers' did not file a timely omnibus pre-trial motion to suppress the evidence and instead only filed a motion *in limine* two days prior to trial. The trial court reasoned that even if the issue had been preserved, any discrepancies on the face of the Authorizing Order were only "typographical errors."

Myers filed a timely appeal on April 21, 2017. After the trial court granted trial counsel's petition to withdraw, Meyer obtained alternate counsel who ultimately filed a timely Pa.R.A.P. 1925(b) statement on Myers' behalf. This Court affirmed Myers' judgment of sentence concluding that Myers' issue regarding the Audio Recording was waived for failure to file a pre-trial motion to suppress and indicated that, in any case, such issue lacked merit because any errors within the Authorizing Order were harmless.

---

[3] Prior to trial, the trial court consolidated the two cases via an order dated August 31, 2016.

Myers filed the instant, timely PCRA petition *pro se* on January 14, 2019.[4] Appointed counsel filed an amended PCRA petition alleging that trial counsel was ineffective for failing to file a pre-trial motion to suppress the Audio Recording. The PCRA court denied Myers' petition on July 31, 2019. Myers filed the instant timely appeal and court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court filed a Pa.R.A.P. 1925(a) opinion adopting its opinion and order dated July 31, 2019.

Myers raises the following issues on appeal:

> 1. Whether the trial court erred in finding [Myers'] claim of ineffective assistance of counsel meritless based on its ultimate determination that trial counsel was not ineffective for failing to timely file a suppression motion.

> 2. Whether the trial court erred in applying the harmless error doctrine and finding [Myers] was not prejudiced by trial counsel's failure to timely file a suppression motion.

Myers' Br. at 4.

The crux of Myers' first issue is his contention that his trial counsel was ineffective for failing to file a motion to suppress the Audio Recording. Specifically, he argues that because the Audio Recording was made at his home and without his knowledge, the Pocono Police Department was required, pursuant to 18 Pa.C.S.A. § 5704(2)(ii),(iv), to obtain an order issued by the

---

[4] Myers originally filed two notices of appeal, in accordance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), to reflect the two separate docket numbers in this case. However, Myers is instantly only pursuing his appeal under 2291 CR 2015, because his issues on appeal only concern his convictions under that docket number.

President Judge of a Court of Common Pleas establishing probable cause existed for the recording. In this case, Myers argues that the Authorizing Order was deficient because it listed "the Pennsylvania State Police" rather than the "Pocono Township Police" as the designated law enforcement body authorized to obtain the interception. As such, Myers argues that the Authorizing Order did not comply with 18 Pa.C.S.A. § 5712(a)(1) (an order authorizing a recording shall state "[t]he identity of the investigative or law enforcement officers or agency to whom the authority to intercept wire, electronic, or oral communications is given and the name and official identity of the person who made an application").

To this end, Myers asserts that had his trial counsel filed a pre-trial motion to suppress, that motion would have been granted pursuant to 18 Pa.C.S.A. § 5721.1 (providing the exclusive remedy for the exclusion of evidence due to nonconstitutuional violations of the Wiretap Act). Accordingly, Myers claims that his counsel was ineffective for failing to file a motion to suppress, which had underlying merit and his counsel was ineffective because he had no possible reasonable basis for failing to file the motion. Further, Myers maintains that he was prejudiced by counsel's failure to file a suppression motion because the motion would have resulted in the exclusion of the Audio Recording, which contained his confession.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." ***Commonwealth v. Wilson***,

824 A.2d 331, 333 (Pa.Super. 2003) (*en banc*). Further, "[t]he PCRA court's credibility determinations, when supported by the record, are binding on this court." **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011).

"Counsel is presumed effective, and [a petitioner] has the burden of proving otherwise." **Commonwealth v. Brown**, 161 A.3d 960, 965 (Pa.Super. 2017). To overcome this presumption, a petitioner must plead and prove that: "(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness." **Commonwealth v. Paddy**, 15 A.3d 431, 442 (Pa. 2011). Failing to satisfy even one of these factors requires this Court to reject the claim. **Commonwealth v. Dennis**, 950 A.2d 945, 954 (Pa. 2008).

This Court has explained that the Wiretap Act "is a pervasive scheme of legislation which suspends an individual's constitutional rights to privacy only for the limited purpose of permitting law enforcement officials, upon a showing of probable cause, to gather evidence necessary to bring about a criminal prosecution and conviction." **Commonwealth v. Glass**, 200 A.3d 477, 483 (Pa.Super. 2018) (citation omitted). In **Commonwealth v. Brion**, 652 A.2d 287, 289 (Pa. 1994), our Supreme Court considered a one-party consensual, in-home wiretap and held that the Commonwealth must obtain a prior determination of probable cause by a neutral, judicial authority. In response to **Brion** the Legislature amended the Wiretap Act to include § 5704(2)(iv):

(iv) the requirements of this subparagraph are met. If an oral interception otherwise authorized under this paragraph will take place in the home of a nonconsenting party, then, in addition to the requirements of subparagraph (ii), the interception shall not be conducted until an order is first obtained from the president judge, or his designee who shall also be a judge, of a court of common pleas, authorizing such in-home interception, based upon an affidavit by an investigative or law enforcement officer that establishes probable cause for the issuance of such an order. No such order or affidavit shall be required where probable cause and exigent circumstances exist. For purposes of this paragraph, an oral interception shall be deemed to take place in the home of a nonconsenting party only if both the consenting and nonconsenting parties are physically present in the home at the time of the interception.

18 Pa.C.S.A. § 5704(2)(iv).

The Wiretap Act requires an order authorizing the intercept of an oral communication to include the following information:

(1) The identity of the investigative or law enforcement officers or agency to whom the authority to intercept wire, electronic or oral communications is given and the name and official identity of the person who made the application.

18 Pa.C.S.A. § 5712(a)(1).

Also significant in this case is 18 Pa.C.S.A. § 5721.1, which governs the available remedies for nonconstitutional violations of the Wiretap Act:

**(b) Motion to exclude.--**Any aggrieved person who is a party to any proceeding in any court, board or agency of this Commonwealth may move to exclude the contents of any wire, electronic or oral communication, or evidence derived therefrom, on any of the following grounds:

(1) Unless intercepted pursuant to an exception set forth in section 5704 (relating to exceptions to prohibition of interception and disclosure of communications), the interception was made without prior procurement of an order of authorization under section 5712 (relating to

- 9 -

issuance of order and effect) or an order of approval under section 5713(a) (relating to emergency situations) or 5713.1(b) (relating to emergency hostage and barricade situations).

(2) The order of authorization issued under section 5712 or the order of approval issued under section 5713(a) or 5713.1(b) was not supported by probable cause with respect to the matters set forth in section 5710(a)(1) and (2) (relating to grounds for entry of order).

(3) The order of authorization issued under section 5712 is materially insufficient on its face.

(4) The interception materially deviated from the requirements of the order of authorization.

(5) With respect to interceptions pursuant to section 5704(2), the consent to the interception was coerced by the Commonwealth.

(6) Where required pursuant to section 5704(2)(iv), the interception was made without prior procurement of a court order or without probable cause.

18 Pa.C.S.A. § 5721.1(b)(1-6) Indeed, pursuant to subsection 5721.1(e), "[t]he remedies and sanctions described in this subchapter with respect to the interception of wire, electronic or oral communications are the only judicial remedies and sanctions for nonconstitutional violations of this subchapter involving such communications." 18 Pa.C.S.A. § 5721.1(e).

It is a fundamental legal precept that the Wiretap Act is to be strictly construed as this Court has recently summarized:

[T]he Wiretap Act is to be strictly construed to protect individual privacy rights because it derogates a fundamental Pennsylvania constitutional right—the right to privacy. Given that private conversations are [being] overheard by government authorities, courts should closely scrutinize law enforcement authorities for strict compliance with the Act's

> requirements. In establishing a violation of the Wiretap Act,
> a defendant is not required to establish actual prejudice.

***Commonwealth v. Shreffler***, 201 A.3d 757, 764 (Pa.Super. 2018) (citations and footnote omitted). However, "the Commonwealth [does] not violate the Pennsylvania Constitution for using a wiretap, even in the appellant's home, **as long as they [establish] one party consent and probable cause to the designated authorities**. ***Commonwealth v. Fetter***, 770 A.2d 762, 767 (Pa.Super. 2001), *affirmed*, 810 A.2d 637 (Pa. 2002) (emphasis added).

In the case *sub judice*, it is undisputed that the Audio Recording was made with the consent of Gerhold and without the knowledge of Myers in Myers' residence. Therefore, pursuant to the Wiretap Act, prior to the interception it was necessary to obtain an order "from the president judge, or his designee who shall also be a judge, of a court of common pleas, authorizing such in-home interception, based upon an affidavit by an investigative or law enforcement officer that establishes probable cause for the issuance of such an order." 18 Pa.C.S.A. 5704(2)(iv). Here, the Commonwealth obtained the required order by filing an application and including an affidavit of probable cause from Detective Wagner of the Pocono Township Police Department. Judge Patti-Worthington concluded that probable cause supported the Commonwealth's application under the Wiretap Act and issued the Authorizing Order. Thus, the Authorizing Order was supported by probable cause. ***See Fetter***, 770 A.2d at 767.

It is also undisputed that the Authorizing Order itself listed the "Pennsylvania State Police" rather than the "Pocono Township Police Department." Myers baldly avers, without citation, that this error should have required the trial court to suppress the Audio Recording pursuant to the exclusionary provisions of 18 Pa.C.S.A. § 5721.1(b). While Myers fails to specify the subsection he believes applies, it appears the closest applicable provision is Section 5721.1(b)(4) ("The interception materially deviated from the requirements of the order of authorization"). However, Myers fails to develop any specific argument, or cite any legal authority, as to why this error should constitute a "material deviation" under the above subsection. As the PCRA court emphasized, the Authorizing Order in this case was supported by probable cause, as presented by the Pocono Township Police Department. PCRA Court Op., 7/31/19 at 10-11; *see Fetter*, 770 A.2d at 767. Thus, according to the PCRA court, the error in the Authorizing Order was merely typographical in nature and would not require the suppression of the Audio Recording. *Id.* We agree and conclude that the record supports the PCRA court's reasoning. *See Wilson*, 824 A.2d at 333.

Accordingly, we hold that the underlying issue of the suppression of the Audio Recording does not have arguable merit. *See Paddy*, 15 A.3d at 442; *Dennis*, 950 A.2d at 954. Hence, trial counsel was not ineffective for failing to file a motion to suppress the Audio Recording and Myers' first issue does not warrant relief. *See id.* Further, because we deem this conclusion dispositive, we need not discuss Myers' second issue on appeal concerning the

PCRA court's consideration of the "harmless error" doctrine in regards to the admission of the Audio Recording at trial. ***See Commonwealth v. Clouser***, 998 A.2d 656, 661 n.3 (Pa.Super. 2010) (this Court may affirm an order on any basis).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/20