J-A19004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SALIM ABDUL AKBAR | : | |
| | : | |
| Appellant | : | No. 3022 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 12, 2019
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0000223-2018

BEFORE:  PANELLA, P.J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED OCTOBER 23, 2020**

Appellant, Salim Abdul Akbar, appeals from the judgment of sentence entered by the Court of Common Pleas of Montgomery County for, *inter alia*, possession of oxycodone and possession of oxycodone and marijuana as contraband. Appellant alleges the trial court erred by denying his motion to suppress and abused its discretion by denying his motion for a continuance on the morning of trial. We affirm.

Appellant has not challenged the essential facts found credible by the suppression court, but rather, challenges the legal conclusions reached by the suppression court. On October 6, 2016, Lower Providence Township Police Officer Jeremy Bonner was on patrol with his certified narcotic detection dog, Brutus. While on patrol, at 1:15 in the morning, Officer Bonner checked the New York registration tag of a red Nissan Altima and discovered that its

registration had expired on September 30, 2016. He pulled the Altima over. As Officer Bonner approached the car, he smelled a strong odor of burnt marijuana.

When Officer Bonner asked Appellant, who was the driver of the Altima, for his paperwork, Appellant notified the officer that the car was a rental. He told the officer that he was not named on the rental agreement and that he did not have a copy of the rental agreement. Appellant explained that his sister, who was not present in the car, had rented the car and that he was due to take the rental car back to the rental agency that day. Three other occupants were in the Altima with Appellant, including Anthony Wise, who was in the rear seat on the driver's side. Wise was holding a burnt, blunt-style cigar.

Officer Bonner called for backup. When the other officers arrived at the scene, Officer Bonner ran Appellant's information through the system and discovered that Appellant had a suspended license. The officers removed all of the occupants from the car. At that time, Officer Bonner had Brutus conduct an exterior sniff of the Altima. Brutus alerted positively for narcotics between the front and rear passenger side doors of the car. Officer Bonner then searched the interior of the car and found two bags of marijuana. Another officer found a handgun in the glove compartment of the car.

Appellant was arrested and charged with, *inter alia*, possession of oxycodone, possession of oxycodone and marijuana as contraband,[1] and firearms not to be carried without a license. Appellant was formally arraigned on February 28, 2018. Appellant ultimately retained Basil Beck, Esquire to represent him and counsel entered his appearance on behalf of Appellant on June 14, 2018. On December 13, 2018, Appellant filed a motion to suppress the evidence claiming, *inter alia*, that Officer Bonner had not had probable cause to search the rental car.

The trial court held a suppression hearing on March 26, 2019. As an initial matter, the Commonwealth argued that Appellant's suppression motion was patently untimely. The court reserved its ruling on the timeliness issue until after it heard the suppression evidence. The Commonwealth then argued that Appellant had the burden of establishing that he had a reasonable expectation of privacy in the rented Altima and in response, defense counsel called Appellant to the stand.

Appellant testified that his sister had rented the Altima and that he was not listed as an authorized driver in the rental agreement. When asked for the name of his sister, Appellant replied that the person named as the lessee on the rental agreement was actually "not his real sister." N.T., Suppression

---

[1] The police found drugs on Appellant after he was brought to the Montgomery County Correctional Facility, forming the basis for the possession of contraband-controlled substance charge pursuant to 18 Pa.C.S.A. § 5123(a).

Hearing, 3/26/19, at 7. He stated that his "sister," who did not testify at the suppression hearing, had given him permission to drive the car. Appellant further testified that at the time of the stop, he was under the belief that the rental agreement was due to expire on the Monday following the stop. He acknowledged, however, that he had since seen a copy of the rental agreement and it had actually expired on September 30, 2016, six days before the stop. *See id*., at 8.

After Appellant testified, the Commonwealth called Officer Bonner to testify. Officer Bonner described the circumstances surrounding the stop and subsequent search of the rented Altima, as recounted above.

Immediately following the hearing, the trial court denied the suppression motion on several grounds. The trial court found that the motion was, in the first instance, untimely. It also determined that even if Appellant had timely filed the motion, Appellant was not entitled to relief because he did not have a reasonable expectation of privacy in the rented Altima and even if he did, Officer Bonner had probable cause to search the Altima. The court scheduled the matter for a jury trial.

Following a two-day trial, the jury convicted Appellant of possession of oxycodone, possession of drug paraphernalia and possession of oxycodone

and marijuana as contraband.[2] The trial court, meanwhile, convicted Appellant of possession of a small amount of marijuana and driving an unregistered vehicle. The trial court sentenced Appellant to two to five years' imprisonment on September 11, 2019. Appellant then filed a post-sentence motion on September 23, 2019, which the court denied four days later. On October 21, 2019, Appellant filed a notice of appeal. Appellant complied with the trial court's directive to file a Pa.R.A.P. 1925(b) statement and the court issued a Pa.R.A.P. 1925(a) opinion in response.

As a threshold matter, the trial court found that Appellant's notice of appeal was untimely because his post-sentence motion had not been timely filed. The trial court noted that a written post-sentence motion must ordinarily be filed no later than ten days after the imposition of sentence. **See** Pa.R.Crim.P. 720 (A)(1). Because Appellant's judgment of sentence was imposed on September 11, 2019 and Appellant did not file his post-sentence motion until September 23, 2019, the trial court determined that Appellant's post-sentence motion was untimely. This, in turn, led the court to conclude that his notice of appeal filed on October 21, 2019 was untimely. **See** Pa.R.Crim.P. 720 (A)(3) (providing that if the defendant does not file a timely

---

[2] The jury could not reach a decision regarding the charge of firearms not to be carried without a license and a mistrial was therefore declared as to that charge.

post-sentence motion, his notice of appeal must be filed within 30 days of the imposition of sentence).

As Appellant points out, however, because the tenth day after the imposition of his sentence fell on Saturday, September 21, 2019, his post-sentence motion filed on the following Monday was timely. ***See*** 1 Pa. C.S.A. § 1908 (excluding weekend days and legal holidays from the computation of the time period for a filing when the last day of the time period falls on a weekend or legal holiday); ***Commonwealth v. Green***, 862 A.2d 613, 617-18 (Pa. Super. 2004) (noting that the due date for a post-sentence motion was not tolled by Section 1908 because the last day of the ten-day period for the filing of that post-sentence motion did not fall on a weekend or legal holiday). Accordingly, we discern no issue with the timeliness of Appellant's notice of appeal, which was filed within 30 days of the trial court's denial of what we have determined to be his timely post-sentence motion. ***See*** Pa.R.Crim.P. 720(A)(2)(a) (providing that when the defendant files a timely post-sentence motion, he must file a notice of appeal within 30 days of the order deciding the motion).

That is, however, not the case with Appellant's motion to suppress. We agree with the trial court that Appellant did not timely file his suppression motion pursuant to Pa.R.Crim.P. 579(A), which provides:

> Except as otherwise provided in these rules, the omnibus pretrial motion for relief shall be filed and served within 30 days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the

Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown.

Pa.R.Crim.P. 579(A).

Here, Appellant was arraigned on February 28, 2018 and trial counsel entered his appearance for Appellant on June 14, 2018. Appellant, however, did not file his motion to suppress until December 13, 2018. Appellant acknowledges that his motion was untimely and does not argue that any of the reasons listed in Rule 579(A) for excusing untimeliness are applicable to the late filing of his motion. Instead, Appellant argues that the trial court should have excused the late filing of his suppression motion pursuant to Pa.R.Crim.P. 581(B), which reads:

Unless the opportunity did not previously exist, or the interests of justice otherwise require, such [motion to suppress] shall be made only after a case has been returned to court and shall be contained in the omnibus pretrial motion set forth in Rule 578. If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be waived.

Pa.R.Crim.P. 581(B). The Comment to Rule 581 reiterates that the "failure to file the motion within the appropriate time limit constitutes a waiver of the right to suppress." Comment to Pa.R.Crim.P. 581.

Appellant argues, nonetheless, that the court should have exercised its discretion to invoke the "interests of justice" exception and found that his more than ten-month tardy suppression motion was timely pursuant to that exception. Appellant appears to claim that the trial court's failure to do so only results in the wasting of judicial resources because the court actually held the

suppression hearing and because he may ultimately file a PCRA petition. This claim fails.

In the first place, Appellant did not challenge the trial court's determination that his suppression motion was untimely in his 1925(b) statement. Rather, Appellant's 1925(b) statement only challenged the denial of his suppression motion on the basis that the trial court improperly concluded that Officer Bonner had probable cause to search the rental car. As a result, Appellant's claim that the trial court abused its discretion by not finding that the "interests of justice" required it to consider his suppression motion timely is waived. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998).

Even if Appellant had preserved this issue, we would find that it does not afford him any basis for relief. Appellant's suppression motion was filed ten months after the deadline provided for by Rule 579(A) and six months after counsel entered his appearance. Appellant had ample time to file his motion and offered no explanation for failing to do so, much less one that fits within the exceptions delineated by Rule 579(A). Given these circumstances, we see no error on the part of the trial court in ruling that Appellant's motion to suppress was untimely.

We are simply not persuaded by Appellant's assertion that the "interests of justice" required the court to reach a contrary conclusion merely because the court reserved its ruling on the timeliness issue until after it heard the

suppression evidence. Appellant claims the suppression hearing represents a waste of judicial resources if his motion is dismissed as untimely. He argues that avoiding this waste of judicial resources qualifies as an interest of justice.

We disagree. While the term "interests of justice" is necessarily vague and undefined by rule or caselaw, it functions as a catch-all for unforeseen situations where the court is convinced that justice will not be served by strict application of the rule. Here, the suppression court was not convinced that justice would be served by allowing the untimely motion to suppress. Given the dearth of evidence or argument provided by Appellant about why the motion was filed so late, we cannot discern any abuse of the trial court's discretion. Similarly, Appellant's ability to file a petition for collateral relief does not alter our conclusion. This avenue for relief still exists, if Appellant can establish a right to relief.

Despite the fact that the trial court ruled that Appellant's suppression motion was untimely, the court nevertheless concluded that even if the motion had been timely, it still would have denied the motion both because Appellant had no reasonable expectation of privacy in the rented Altima and because Officer Bonner had probable cause to search that vehicle. Appellant argues that the court erred in reaching both of those conclusions.

When reviewing a trial court's denial of a motion to suppress, this Court is limited to reviewing only the evidence presented at the suppression hearing. **See Commonwealth v. Shreffler**, 201 A.3d 757, 763 (Pa. Super. 2018). We

are likewise limited to determining whether that record supports the trial court's factual findings and whether the legal conclusions drawn from those findings are correct. *See id*. Where the record supports the trial court's factual findings, we may only reverse if the court's legal conclusions are erroneous. *See id*.

Appellant takes issue first with the trial court's finding that he did not have a reasonable expectation of privacy in the rented Altima. Again, Appellant did not challenge this finding in his 1925(b) statement, and his claim on appeal that he did have an expectation of privacy in the rental car is therefore waived. *See Lord*, 719 A.2d at 309. Even if we were to deem this claim properly preserved, we would find it offers him no basis for relief.

Generally, a defendant charged with a possessory offense has automatic standing to challenge a search. *See Commonwealth v. Jones*, 874 A.2d 108, 117 (Pa. Super. 2005). In order to prevail, however, the defendant must show as a preliminary matter that he had a legitimate expectation of privacy in the area searched. *See id*., at 117-118. Such an expectation of privacy is present when the defendant, by his conduct, exhibited a subjective expectation of privacy and that subjective expectation is one that society is prepared to recognize as reasonable in light of all of the surrounding circumstances. *See id*., at 118.

Here, the trial court relied on *Jones* in support of its finding that Appellant had no reasonable expectation of privacy in the rental car. In *Jones*,

this Court held that the driver of a rental car does not have a reasonable expectation of privacy in that car when he is not a named lessee or an authorized driver on the rental agreement, the named lessee is not in the car, and the rental agreement has expired. **See id**., at 112, 120. The trial court concluded that "the same facts are present here" and that therefore, pursuant to **Jones**, Appellant had no expectation of privacy in the rental car. Trial Court Opinion, 12/17/19, at 8.

Appellant asserts, for the first time in this appeal, that **Jones** is not controlling because it was abrogated by **Byrd v. U.S**., 138 S.Ct. 1518 (2018), and that under **Byrd**, he had an expectation of privacy in the rented Altima. We do not agree that **Byrd** applies to the facts here.

In **Byrd**, the appellant was pulled over for a traffic stop while he was driving a rental car that his friend had rented earlier that day and given him the keys to immediately after renting the car. The appellant, who was the sole occupant of the car at the time of the stop, handed the investigating officer his interim license and a copy of the rental agreement and told the officer that a friend had rented the car. When the officer noticed that the appellant was not listed as an authorized driver on the rental agreement, the back-up officer stated that the appellant therefore had no reasonable expectation in the car, and the officers proceeded to search the vehicle and its trunk. The officers found a laundry bag full of heroin in the trunk, and the appellant challenged the search. The appeal reached the United States Supreme Court, which held

that "as a general rule, someone in otherwise lawful possession or control of a rental car has a reasonable expectation of privacy in it even if the rental agreement does not list him or her as an authorized driver." *Id*., at 1524.

Unlike the driver in *Byrd*, Appellant was not the sole occupant of the rental car and was driving a car in which the rental agreement had expired, along with the rented Altima's registration. Therefore, the Altima was not legally on the road. *See* 75 Pa.C.S.A. § 1301(a). Moreover, as the Commonwealth points out, Appellant, unlike the driver in *Byrd*, was also unlawfully driving the rental car because his license had been suspended. *See* 75 Pa.C.S.A. § 1543. And while Appellant maintains that his "sister" gave him permission to drive the Altima, he failed to provide any evidence in support of this unsubstantiated assertion or account for the fact that the "sister" was the named lessee on a rental agreement that had expired and was therefore no longer valid. *Accord Commonwealth v. Maldonado*, 14 A.3d 907, 911 (Pa. Super. 2011) (holding that a driver failed to satisfy his burden of establishing a reasonable expectation of privacy in a car, where the car was owned by the driver's girlfriend and the driver did not put forth any evidence that the girlfriend gave him permission to drive the car).

Based on these circumstances, we agree with the Commonwealth that Appellant has not demonstrated that, although he was not an authorized driver on the rental agreement, he was otherwise in "lawful possession and control" of the rented Altima. Instead, we find that the trial court properly

concluded that Appellant did not have a reasonable expectation of privacy in the rental car. **See Jones**, 874 A.2d at 112.

Lastly, the court found that the search, even if Appellant had standing to challenge it, was constitutional as Officer Bonner had probable cause to search the car. Although Appellant challenged the court's finding that Officer Bonner had probable cause in his 1925(b) statement, that challenge is without merit.

Police may search an automobile without a warrant as long as they have probable cause to do so, as an automobile search does not require any exigency beyond the inherent mobility of that automobile. **See Commonwealth v. Green**, 168 A.3d 180, 186 (Pa. Super. 2017); **In re I.M.S.**, 124 A.3d 311, 316-317 (Pa. Super. 2015). A determination of probable cause requires only that the totality of circumstances demonstrates a fair probability that contraband or evidence will be found in a particular place. **See Commonwealth v. Scott**, 210 A.3d 359, 363 (Pa. Super. 2019).

In finding that Officer Bonner had probable cause here, the trial court observed that Officer Bonner smelled a strong odor of burnt marijuana immediately upon approaching the Altima during a lawful traffic stop, which occurred at 1:15 in the morning. He then saw one of the Altima's occupants holding a burnt blunt-style cigar, which Officer Bonner knew from his experience and training to be used to smoke marijuana. In addition, Officer Bonner's certified drug detection dog, Brutus, conducted an exterior sniff

search of the vehicle and positively indicated that there were drugs inside the car. Under these circumstances, we agree with the trial court's conclusion that Officer Bonner had probable cause to search the interior of the Altima. ***See Green,*** 168 A.3d at 187 (holding that a police officer's reasonable suspicion that a vehicle contained drugs ripened into probable cause to search the vehicle without a warrant when a canine's sniff search positively alerted to the presence of narcotics inside the vehicle); ***Commonwealth v. Fudge***, 213 A.3d 321, 327 (Pa. Super. 2019) (holding that a police officer had probable cause to search the cab of a tractor trailer when the officer, *inter alia*, smelled burnt marijuana emanating from the cab).

Appellant argues, however, that once Officer Bonner identified the source of the marijuana smell as coming from the blunt-style cigar held by Wise he did not have probable cause to search the interior of the car because he had no reason to believe there would be additional contraband concealed in the car. According to Appellant, only an "unexplained smell of marijuana in a car … would give probable cause to believe there is hidden marijuana in the car" and allow for a search of the interior of the car. Appellant's Brief, at 24. We agree with the trial court that this argument "flies in the face of logic." Trial Court Opinion, 12/17/19, at 9. As the court stated:

> [Appellant argues that] because the officer could surmise that the smell came from a blunt and one crime was potentially identified, no further investigation was required. However, the opposite is true, [as] the smell of the marijuana coming from the vehicle and the blunt were both factors in the necessity of the exterior search, which led to the necessity of the interior search.

- 14 -

*Id*.

Indeed, as the court indicates, Appellant's argument ignores the fact that the search of the interior of the car was not based solely on the odor and the blunt, but also on the fact that Brutus conducted an exterior sniff search of the car and alerted to the presence of narcotics inside the car. Appellant, however, also takes issue with this exterior search conducted by Brutus. He asserts that Brutus's positive alert should be entirely discounted from the probable cause equation because the dog was merely smelling the same burnt blunt that Officer Bonner had smelled. In response, the Commonwealth counters:

> As Officer Bonner explained, Wise, who was holding the blunt, was seated in the rear **driver's** side of the Nissan. But Brutus alerted to the **passenger** side of the car, between the front and rear seats, **not** to the driver's side or the rear of the car. [Appellant's] theory that Brutus was just smelling the same burnt marijuana that Officer Bonner smelled does not explain why [Brutus] alerted to the **opposite** side of the car, between the front and the rear. The positive alert on a **different** area of the car suggested that there were additional drugs in the car and, along with the other circumstances here, provided probable cause.

Commonwealth's Brief, at 16 (emphasis in original).

We agree. In sum, then, we conclude that the trial court properly found that Appellant's motion to suppress was untimely and that even if it had been timely, Appellant was not entitled to suppression of the evidence because he had no reasonable expectation of privacy in the rented Altima and because Officer Bonner had probable cause to search that car.

In his next and final claim, Appellant argues that the trial court abused its discretion when it denied his oral motion for a continuance on the morning of trial. Specifically, Appellant claims that he moved for a continuance so that he could retain new counsel and the trial court's denial of that motion violated his Sixth Amendment right to have the counsel of his choosing. This claim fails.

The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court abused its discretion. *See Commonwealth v. Norton*, 144 A.3d 139, 143 (Pa. Super. 2016). An abuse of discretion is not merely an error of judgment. *See id*. Rather, a trial court abuses its discretion only when it overrides or misapplies the law, or exercises judgment that is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will. *See id*.

When considering a motion for a continuance to retain new counsel, the trial court must weigh the defendant's right to counsel of his choice against the state's interest in the efficient administration of justice. *See Commonwealth v. Broitman*, 217 A.3d 297, 300 (Pa. Super. 2019). To that end, this Court has looked to the following factors when determining whether a trial court abused its discretion in denying a continuance for the defendant to retain new counsel: (1) whether the trial court conducted an extensive colloquy into the underlying causes of the defendant's dissatisfaction with current counsel; (2) whether the defendant's dissatisfaction with current

counsel constituted irreconcilable differences; (3) the number of prior continuances; (4) the timing of the motion for continuance; (5) whether private counsel had actually been retained; and (6) the readiness of private counsel to proceed. ***See id***.

Here, on the morning of trial, the trial court began the proceedings by informing Appellant that it had conferred with Appellant's privately-retained defense counsel, Basil Beck, who had told the court that Appellant had "some issues." N.T., Trial, 4/23/19, at 4. The discussion that followed about this matter can be found in its entirety both in the record, ***see id***., at 4-9, as well as in Appellant's brief, ***see*** Appellant's Brief, at 11-16, but we provide a brief recitation of that discussion here.

Appellant confirmed that he had "some issues" with Beck, and when asked if he wanted Beck to represent him, Appellant replied that he did not and had "sufficient reasons why." N.T., Trial, 4/23/19, at 4. The court told Appellant in no uncertain terms that it was not going to postpone the case and Appellant could either represent himself *pro se* or have Beck represent him. Appellant said he understood but that he and counsel had been "going back and forth." ***Id***., at 5. The court again advised Appellant of his options. At that point, a plea offer was briefly discussed, but Appellant rejected the offer. When Appellant again started to explain his reason for wanting to replace Beck, the court stopped Appellant and told him to take a few minutes and speak with Beck. The court took a recess.

After the recess, Beck told the court that he did not get the chance to speak with Appellant during the recess because Appellant had gone outside to smoke a cigarette. Appellant, nonetheless, stated that he would proceed with Beck as counsel because he did not want to represent himself. Beck asked for five more minutes so he could speak with Appellant because he thought he "found a way of working this out for everybody." *Id*., at 8.  Appellant agreed to speak to Beck and the court took a second recess. Following the recess, the jury was selected and trial began.

The Commonwealth argues that it is not at all clear whether Appellant ever actually requested a continuance to retain new counsel. To be sure, there is no denial of any continuance on the record as the issues Appellant had with Beck appeared to have been resolved after the second recess. In any event, the trial court treated the above exchange as a request for a continuance in its 1925(a) opinion, and concluded that it had not abused its discretion by denying the request.

We agree that the trial court did not abuse its discretion in denying any request for a continuance that was made. The record reflects that Appellant not only failed to appear for certain pre-trial hearings, causing the issuance of bench warrants for his arrest, but requested and received a multitude of pre-trial continuances during the long history of this case. Moreover, as the Commonwealth points out, it does not appear that the differences between Appellant and Beck were irreconcilable but to the contrary, had been

resolved.[3] As for the other factors we look to when considering whether a motion for a continuance to retain new counsel has properly been denied, we note the following explanation given by the trial court in denying Appellant's request:

> [Appellant] requested the continuance immediately prior to the start of trial. He had not retained new counsel. A postponement of the trial would have an undue burden for the Commonwealth's witnesses and who were ready to proceed. The continuance request was neither done in a reasonable time nor a reasonable manner. To continue this matter would certainly 'clog the machinery of justice' … because [the continuance request] was nothing more than a last minute attempt to delay trial without cause.

Trial Court Opinion, 12/17/19, at 13. Based on all of these circumstances, we see no abuse of discretion on the part of the trial court in denying any motion for a continuance to retain new counsel made by Appellant.

Judgment of sentence affirmed.

_____

[3] Appellant complains that the trial court did not give due consideration to his interest in retaining new counsel because the court did not give him the opportunity to fully explain the issues he was having with Beck. While the Commonwealth suggests that it can fairly be presumed that the court was aware of Appellant's issues from its discussion with Beck prior to trial, that discussion was not made a part of the record. However, the record is clear that the trial court did give Appellant the opportunity - twice - to speak with Beck about his issues. There is nothing on the record to indicate Appellant did not resolve his issues after speaking with Beck during the second recess, and Appellant does not argue otherwise.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/20