J-A04026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JESSICA VAZQUEZ, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GJO PROPERTIES LLC, | : | |
| | : | |
| Appellee | : | |
| --------------------------------------------- | : | |
| JESSICA VAZQUEZ, | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| LEHIGH VALLEY REGIONAL REALTY | : | |
| LLC, D/B/A KELLER WILLIAMS REAL | : | |
| ESTATE, CENTURY 21 KEIM REALTORS, | : | |
| | : | |
| Appellees | : | |
| --------------------------------------------- | : | |
| JESSICA VAZQUEZ, | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| NORTHAMPTON COUNTY REGIONAL | : | |
| REALTY, LLC, D/B/A KELLER WILLIAMS | : | |
| REAL ESTATE | : | |
| | : | |
| Appellee | : | No. 1776 EDA 2019 |

Appeal from the Order Entered May 23, 2019
in the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2018-C-0821, 2017-C-3595, 2017-C-0644

BEFORE: PANELLA, P.J., STRASSBURGER, J.* and COLINS, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 16, 2020**

Jessica Vazquez appeals from the trial court's May 23, 2019 order, which granted summary judgment in favor of GJO Properties LLC (GJO Properties) and Northampton County Regional Realty, LLC, d/b/a Keller Williams Real Estate (Northampton County Regional Realty). The trial court already had granted summary judgment in favor of Lehigh Valley Regional Realty LLC, d/b/a Keller Williams Real Estate (Lehigh Valley Regional Realty), and Century 21 Keim Realtors (Keim Realtors) (collectively, Appellees) on May 10, 2019. Upon review, we quash this appeal.

In light of our disposition, a detailed recitation of the underlying facts is unnecessary. Pertinent to this appeal, Vazquez filed three separate actions against Appellees to recover damages for injuries she suffered from a fall that occurred on a property owned by GJO Properties and marketed as a rental by the remaining Appellees. These actions were docketed at three different docket numbers, number 2018-C-0821 (0821) as to Northampton County Regional Realty, 2017-C-3595 (3595) as to Keim Realtors and Lehigh Valley Regional Realty, and 2017-C-0644 (0644) as to GJO Properties. The trial court consolidated the three actions via orders entered on January 12, 2018, and May 10, 2018. After the close of pleadings, in February 2019, Appellees each moved for summary judgment. On March 6, 2019, Vazquez

_____

* Retired Senior Judge assigned to the Superior Court.

timely filed a response to Keim Realtors' motion for summary judgment. However, Vazquez failed to file timely responses to the motions for summary judgment filed by the remaining Appellees.

On April 23, 2019, the trial court heard argument on the merits of Keim Realtors' motion, and argument by counsel from the remaining Appellees that their summary judgment motions should be granted because Vazquez failed to respond. Subsequent to the argument, Vazquez untimely filed responses to the remaining Appellees' motions for summary judgment. On May 1, 2019, the trial court entered an order striking the responses, but granting Vazquez five days to file a motion seeking leave of court to file *nunc pro tunc* responses opposing Appellees' motions for summary judgment. Vazquez failed to file such a motion.

On May 10, 2019, the trial court entered two orders, one which granted the motion for summary judgment filed by GJO Properties, and one which granted the motion for summary judgment filed by Northampton County Regional Realty. On May 23, 2019, the trial court entered one order granting the motions for summary judgment filed by Lehigh Valley Regional Realty and Keim Realtors. The trial court granted Keim Realtors' motion on the merits, and granted the motions of all other Appellees based upon Vasquez's failure to file timely responses.

On June 4, 2019, Vazquez filed a motion to vacate the trial court's May 1, 2019 order and permit Vazquez to file *nunc pro tunc* responses to

- 3 -

Appellees' motions for summary judgment. On June 7, 2019, the trial court denied Vazquez's motion.

Vazquez timely filed a notice of appeal.[1] On appeal, Vazquez contends that the trial court erred in denying her motion to vacate the trial court's May 1, 2019 order. Vazquez's Brief at xi. Vazquez posits that Appellees failed to serve her properly with their motions for summary judgment pursuant to Lehigh County Local Rule 208.3(b) and Pa.R.C.P. 440. *Id.* at 1.

Prior to reaching the merits of this appeal, we are compelled to consider whether it must be quashed in light of our Supreme Court's holding in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) (requiring separate notices of appeal be filed when a single order resolves issues arising on more than one lower court docket). On July 12, 2019, this Court issued a rule to show cause order on Vasquez asking why this appeal should not be quashed pursuant to *Walker*. On July 22, 2019, she filed a response, arguing that because the notice of appeal was "docketed on the docket report of each of the three related cases, the potential for any prejudice arising from a single appeal is avoided. Furthermore, the three matters were consolidated by the Lehigh County Court of Common Pleas on May 16,

---

[1] Both Vazquez and the trial court complied with Pa.R.A.P. 1925.

2019."[2]  Vazquez's Response, 7/22/2019, at 1 (unnumbered).  The rule was discharged and the issue was deferred to this panel.

In **Walker**, our Supreme Court held that for appeals filed after June 1, 2018, the date **Walker** was filed, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed."  **Id.** at 977.  The Court emphasized that the "failure to do so will result in quashal of the appeal."  **Id.**

Our review of the certified record reveals the following.  On June 14, 2019, Vazquez filed a single notice of appeal, seeking to appeal from three orders granting the motions for summary judgment in favor of Appellees at three dockets: 0821, 3595, and 0644.  The notice of appeal contained a reference to all three dockets in the caption, but it was filed and docketed only at 0821.  While the dockets at 3595 and 0644 each contain an entry on June 14, 2019, the entries merely cross-reference the filing of the notice of appeal at docket number 0821.  Moreover, the notice of appeal contains a handwritten notation indicating that Vazquez paid one filing fee.  Therefore, it appears Vazquez filed one notice of appeal from multiple orders resolving issues at multiple docket numbers in contravention of Pa.R.A.P. 341 and **Walker**.  Although the cases were consolidated below, they still maintained separate dockets, requiring separate notices of appeal.  **See C.T.E. v.**

_____

[2] It is unclear why Vazquez cited this date; as noted *supra*, the trial court consolidated the actions on January 12, 2018 and May 10, 2018.

**D.S.E.**, 216 A.3d 296, 299 (Pa. Super. 2019) (quashing notice of appeal where appellant filed a single notice of appeal from two docket numbers, despite their consolidation in the lower court).[3]  Because Vazquez filed her notice of appeal after our Supreme Court's decision in **Walker**, and failed to comply with Rule 341, we are constrained to quash this appeal.

Appeal quashed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: _12/16/2020_

---

[3] We note that a similar issue is pending before our Supreme Court.  **See Always Busy Consulting, LLC v. Babford & Company, Inc.**, 235 A.3d 271 (Pa. 2020) (considering whether this Court erred in quashing appeal pursuant to **Walker** where "[p]etitioner failed to file a notice of appeal at a separate docket number in a consolidated case, when [p]etitioner filed separate notices of appeal at the consolidated docket number, as directed and required by the trial court").  Until our legislature passes a different law or our Supreme Court decides otherwise, we are compelled to follow **C.T.E.** and quash this appeal.

**But see Commonwealth v. Shreffler**, 201 A.3d 757, 761 (Pa. Super. 2018) (determining that quashal was inappropriate due to prior consolidation by the trial court).  Nevertheless, although the **Shreffler** decision post-dates **Walker**, the notice of appeal at issue in that case was filed prior to the effective date of **Walker**'s prospective holding, rendering any holdings regarding **Walker** to be dicta.  **See Walker**, 185 A.3d at 977 (specifying that its holding applies prospectively).